## JOHN H. WEIR

*v.*

## THE PEOPLE, use, etc.

1. ADMINISTRATION—*whether money coming to hands of an administrator, who is also executor of sole distributee, is held as executor or as administrator.* Where the administrator of an estate qualifies as executor of the will of the sole heir and distributee of his intestate, the receipt of money by him as administrator, after the debts of the intestate are paid, will be regarded as paid to himself, as executor, without any order of court for that purpose, or the giving of any refunding bond, and therefore, after his death, the surety on his bond, as administrator, will not be liable for such money.

2. After the death of the administrator and executor, and the appointment of an administrator *de bonis non* of the estate of which he was executor, it is not in the power of the administrator *de bonis non*, by settling with the sureties on the executor's bond, to affect the rights of the surety on the bond of the same person, as administrator, and thereby change the liability that rested upon the sureties in the bond of the deceased party as executor, to the surety on his bond as administrator.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of debt, brought in the name of the People of the State of Illinois, for the use of Christina Wolf, Edward Wolf and Susan Wolf, against John H. Weir, surety, upon the bond of Frederick T. Krafft, deceased, as administrator of the estate of Jacob Bitzer, Jr., deceased. The material facts of the case will appear in the opinion of the court.

Messrs. METCALF & BRADSHAW, and Messrs. GILLESPIE & HAPPY, for the appellant.

Messrs. DALE & BURNETT, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On January 30, 1868, Jacob Bitzer, Jr., died intestate, leaving personal property. One Frederick T. Krafft was, on the 6th day of February, 1868, appointed administrator of the estate, and gave his administrator's bond in the usual form, upon which John H. Weir, the appellant, was surety.

The sole heir and distributee of Jacob Bitzer, Jr., was his father, Jacob Bitzer, Sr., who departed this life on the 22d day of March, 1868, leaving a last will and testament, wherein he made Christina, Susan, and Edward Wolf, the persons for whose use this suit is brought, his general residuary legatees, and appointed the said Krafft his executor, who qualified and acted as such, executing his bond as executor, with different sureties, on the 15th day of April, 1868. In April, 1871, said Krafft also departed this life.

No account was ever rendered by Krafft of his actings and doings, in regard to the estate of Jacob Bitzer, Jr. The amount of the sale bill filed by him of the personal estate was $974.25. The sale was made on a credit of nine months.

This suit was brought against Weir, the security on the administrator's bond given by Krafft as administrator of the estate of Jacob Bitzer, Jr., and was brought for the use of Christina, Susan, and Edward Wolf, legatees under the will of Jacob Bitzer, Sr., to recover the balance of the amount that came into the hands of Krafft after the payment of the debts of such estate, they appearing to have all been paid. The plaintiffs recovered a verdict and judgment for $700 damages, and defendant appealed.

The main question is, whether this surety, John H. Weir, is liable on the administrator's bond given by Krafft as administrator of the estate of Jacob Bitzer, Jr., for the payment

13—78TH ILL.

to these legatees, under the will of Jacob Bitzer, Sr., of the residuary part of the personal estate of Jacob Bitzer, Jr., after the payment of debts, that came into the hands of Krafft.

There is no question made, that the amount of the sale bill of the personal estate of Jacob Bitzer, Jr., came into the hands of Krafft. This money, less the debts of the estate, belonged to the distributee of the estate. At the time it so came into the hands of Krafft, he was the administrator of the estate of Jacob Bitzer, Jr., and also the executor of the estate of the distributee, Jacob Bitzer, Sr.

As such executor, he was entitled to have the money paid to him, and no further act of paying or receiving was required in order to the payment of the money to him as executor. It was already in his hands. The receipt of the money by him as administrator of the estate of Jacob Bitzer, Jr., was *ipso facto* the payment of it to himself as executor of Jacob Bitzer, Sr. At least we think this must be accepted as the legal consequence, if, at the time, he was entitled to the receipt of the money as such executor, and there was no application of it otherwise, and there does not appear to have been.

It is objected that the distributee was not entitled to the receipt of the money, because there had not been a refunding bond given, nor any order of court for distribution made.

The 129th section of the Statute of Wills provides, that "administrators shall not be compelled to pay legatees or distributees, until bond and security be given by such legatees or distributees to refund the due proportion of any debt which may afterward appear against the estate, and the costs attending the recovery thereof. Such bond shall be made payable to such executor or administrator, and shall be for his indemnity, and filed in the court of probate." And in *Newbrecht v. Santmeyer*, 50 Ill. 74, it was held that heirs were not entitled to their distributive shares, until an order of distribution was obtained. The present would be a case where a refunding bond would, of necessity, be dispensed with, as Krafft, as

executor of Jacob Bitzer, Sr., could not give a bond to himself as administrator of the estate of Jacob Bitzer, Jr.

*The People* v. *Admire*, 39 Ill. 252, is an authority that there may be cases where no refunding bond would be required.

As respects any order of court for distribution, if there was none, there properly should have been, and probably would have been one had Krafft performed his duty in exhibiting yearly, to the court of probate, accounts of his administration for settlement, as required by section 123 of the Statute of Wills. The 124th section of the statute makes "it the duty of the court, upon each and every settlement, as so provided for, to make an order for the payment of claims allowed." Another section provides, that whenever it shall appear that there are sufficient assets to satisfy all demands, the court shall order the payment of all legacies. Had the administrator rendered his accounts for settlement, as it was his duty to do, there would doubtless have been made by the court an order of distribution of the residue, after payment of debts, as it would seem to be of course, Jacob Bitzer, Sr., being the sole distributee, and there could be no other claim to such residue; but there was never any administrator's account whatever, ever rendered. It would not have been permitted, we think, to Krafft himself to claim an advantage, and have resisted the payment over of this money, on account of the lack of that, the absence of which we must suppose to be owing to the non-performance of duty on his part. As the money should have been paid to the distributee, or his representative, it might have properly been so paid voluntarily, without any order of court. And there would be somewhat of the same difficulty, here, in the obtaining by the party in interest of an order for distribution, as in the giving of the refunding bond : that, of one being the *actor* against himself in taking a proceeding to obtain an order in his own favor against himself.

We are of opinion that the want of either a refunding bond or of an order of court for distribution, should not, under

the circumstances of this case, operate to deprive the payment of the money to Krafft as administrator of Jacob Bitzer, Jr.,· of its character of a receipt of it by him as executor of Jacob Bitzer, Sr.

Our conclusion, then, is, that after the payment of this money to Krafft, it was in his hands as executor of Jacob Bitzer, Sr., as assets of his estate, and that, so far as respects this money, the obligation under the administrator's bond had been discharged, by the payment of the money to the person entitled to receive it; and that the executor's bond, if either, is the one to be here pursued, and not the administrator's bond.

M. G. Dale testified, as a witness, that he, after the death of Krafft, was appointed administrator *de bonis non* of the estate of Jacob Bitzer, Sr., and that there was a settlement had with Henry Ritter, one of the securities on the executor's bond of Krafft ; that Ritter paid over to the heirs or devisees of Jacob Bitzer, Sr., the sum that they accepted as the balance due them from Krafft, as the executor of Jacob Bitzer, Sr. ; that he acquiesced in it, and considered it a settlement of the estate of Jacob Bitzer, Sr., with the securities, and that the property of the estate of Jacob Bitzer, Jr., of which Krafft was administrator, was in no way included in that settlement.

Whether or not this transaction testified to may have embarrassed any remedy upon the executor's bond, we do not conceive that it could have any effect upon the legal rights of this surety upon the administrator's bond. His rights are to be determined according to what the law pronounces to be the legal effect of the acts of Krafft in his lifetime. And it would not be in the power of these persons, after the death of Krafft, by anything they might do, as between themselves, to affect such rights.

The assessing, then, of any damages in respect of this money to which these legatees were entitled, we regard as error, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*