# Michael C. McLain *et al.*

*v.*

# The People, for use of George Moore *et al.*

1. Master in chancery—*bond of—obligee.* Whatever kind of bond the court appointing a master in chancery approves, if not in derogation of any statute, will be held binding upon the master and his sureties. Such a bond made payable to the people of the State of Illinois and approved by the court, was held binding in this case.

2. Same—*duty to complete business of his predecessor.* Upon the death, resignation or removal from office of a master in chancery, it is the duty of his successor to complete any unfinished business pertaining to the office, without any order of court to that effect.

3. Same—*liability on bond.* Where a sale is made by a master in chancery under a decree for partition, and the master dies before executing the decree, and his successor completes the same by making deed, taking notes and receiving money, which action is reported by him and approved, he and his sureties on his bond will be liable for his neglect or failure to pay over moneys received by him to the proper persons.

4. Same—*judgment in suit on bond.* In a suit on the bond of a master in chancery for a failure to pay over money arising from a sale of lands, in accordance with a decree in a partition suit, the judgment against the defendants will not be erroneous because it fails to find the amounts due the several plaintiffs respectively, but is for a gross sum.

5. Same—*under which of two bonds liable.* Where a master in chancery executes a decree during his first term of office by taking notes for land sold, and after his re-appointment receives money on the same, which he fails to pay over, he will be liable upon his second bond, and not upon the first, his office being considered different from that of sheriff.

6. Surety—*on official bond—liability not extended.* The undertaking of a surety in an official bond is to be strictly construed, and his liability can not be extended by implication beyond the terms of his contract. The sureties on the bond of a master in chancery are not bound for his misconduct, except such misconduct transpired during the term of office in respect of which they were sureties. Their liability does not extend to his acts under a second appointment.

. Appeal from the Circuit Court of Coles county; the Hon. Oliver L. Davis, Judge, presiding.

Mr. A. M. Peterson, Mr. Ely Wiley, and Mr. S. M. Shep-hard, for the appellants.

Mr. O. B. Ficklin, and Mr. A. J. Fryor, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

This was debt, in the Coles circuit court, on the bond exe-cuted by appellant on being appointed master in chancery of that county, and his sureties, and such proceedings were had that a judgment was rendered against the defendants, and they appeal.

There were various pleas and demurrers, and in appellants' brief various points are made, all of which we have not deemed it necessary to notice, some of them being technical, and both parties desiring a decision upon the merits. Accordingly we have directed our attention to the leading question, and that is, the liability of these sureties on the official bond of McLain, as master in chancery, and that involves the considerations: 1, Are the people of the State the proper obligees in the bond of a master in chancery appointed by a circuit judge; 2, Does a master, appointed to succeed another who has died in office and after a cause has been referred to him, as in partition to make sale, etc., succeed to such unfinished business of his pre-decessor, without further or additional reference by the court; and 3, If the master in chancery so succeeding to the unfin-ished business goes on and completes the sale, makes deeds as master in chancery, to the purchasers, and receives the money and fails to pay it to the parties entitled, are the sureties on the bond liable for such failure?

As to the first inquiry, the statute conferring power upon the circuit courts to appoint masters in chancery is as follows: The several circuit courts of this State shall have power to appoint, in each county, a master in chancery, who shall hold his office during the term of four years. Every master in chancery, before entering on the duties of his appointment, shall give bond with security to be approved by the court, and take and subscribe an oath of office, which bond and oath shall

be filed with the clerk of the court making the appointment. The tenure of the office, by a subsequent act, was limited to two years. No obligee in the bond is designated, and no penalty fixed, and no form of the oath of office prescribed. Under such circumstances we would be inclined to hold, whatever bond the judge appointing the master approved, if not in derogation of any statute, should be held binding upon the parties executing it; therefore, the people of the State will be deemed the proper obligees, as the judge received a bond so executed and made payable. This is in harmony with *Coons et al.* v. *The People*, 76 Ill. 383.

As to the second inquiry, that is answered by the statute, which provides, " whenever any master in chancery shall have resigned his office, or shall have been removed therefrom, and shall have left any business pertaining to his office unfinished, it shall be lawful for his successor or successors in office to do any act or acts, coming within the duties of the master, which may have been left undone by his predecessor or predecessors, and which may be necessary to the final completion of such unfinished business, and this act shall have relation to any business, as aforesaid, which may now or hereafter remain unfinished." Rev. Stat. 1845, Appendix, 570; Rev. Stat. 1874, p. 698, which makes an additional provision for the death of a master. Without this interpolation by the revisor, we would hold, the death of a master in chancery worked the same results in this regard as his resignation or removal from office.

Upon the third proposition, it seems to us a necessary corollary from the preceding, and the sureties are responsible.

The point is made by appellants, that the proceedings in partition in which the master in chancery acted and received these moneys, was not a chancery proceeding, but for partition under the statute, and was a proceeding at law, in which McLain, holding the office of master in chancery, was appointed a commissioner only, and for his acts as such his sureties on his official bond are not responsible.

The declaration avers, the partition proceedings were on the chancery side of the court, and then and there ordered,

adjudged and decreed in a certain cause therein pending, on the chancery side thereof, for the partition of the premises aforesaid, wherein Thomas K. Fleming and others were complainants, etc.

It need not be said, that in proceedings in chancery for the partition of lands, the master in chancery is the official usually selected by the court to carry out and execute the decree. If a sale is ordered, he conducts it,—he makes the deeds to the purchasers, receives the money, and is obliged to bring it into court for distribution among the parties entitled. His failure in this respect, or to pay over the money to those entitled, necessarily renders his sureties liable.

Upon the point made by appellants, that the court, in rendering judgment in this case, should have found the amounts respectively due the plaintiffs, there is no force in this objection, as it is a question with which appellants have no concern. How the money may be distributed is of no importance to them, and besides, the court in the partition decree adjudged that—that decree shows what amount each party is authorized to claim.

On the whole record we see no material error, and therefore we affirm the judgment.

*Judgment affirmed.*


Upon an application for a rehearing the following additional opinion was filed:

Per Curiam: Upon petition for a rehearing in this case the point is made, that the liability of McLain was under his first bond given as master in chancery, and not under his second bond, the one in suit.

The facts upon which the question arises are as follows:

The order of sale of the lands, made at the March term, 1869, was for the sale of the lands on a credit of nine and eighteen months, purchasers to give notes and personal security and mortgages on the premises, at six per cent interest. The master in chancery was ordered to make the sale and

carry into effect the decree, and directed to bring the money or notes and mortgages into court to be distributed to the persons entitled, under the direction of the court. One George W. Teel, then master in chancery, made sale of the lands at public auction, August 12, 1869, and died shortly after, without doing anything further in the matter. McLain was appointed his successor November 11, 1869, and went on and consummated the sale made by Teel, by taking the notes with personal security and mortgages from the purchasers, and made report thereof at the March term, 1870, which was approved by the court. McLain's term of office of two years having expired, he was reappointed on the 18th of November, 1871, for another term of two years, upon which reappointment the bond in suit was given. Some time during this, his second term, the money was collected by him. There was no further order of the court in the premises than as in the original decree of sale.

It is said that it is the principle, that if a sheriff levies an execution during his first term, and sells, or collects the money during his second term, the liability is upon his first bond, citing *Collier* v. *Higgins*, 1 Duv. (Ky.) 6, *Governor* v. *Eastwood*, 1 Dev. 157, *Larned* v. *Albert*, 13 Mass. 295, and it is contended the same rule should apply here—that the master, having entered upon the execution of the decree during his first term, it should have been completed by him, and the whole business and liability be considered as done and arising under that term.

There is a difference in the two cases.

The sheriff is an officer of the law, and executes the process of the law. The master is an officer of the court of chancery, who acts as an assistant to the chancellor, and executes the order of the court.

It is the settled and well known doctrine of the common law, that he who begins the execution of a writ of *fieri facias* must end it, it being said to be an entire thing. The obligors in a sheriff's bond would enter into it in view of this established and well known rule of law, and such a liability with

14—85TH ILL.

regard to a writ of execution in respect of such subsequent matter after the expiration of the term of office, might well be held as embraced within the terms of the bond.

But there is no such general and well known rule of law in relation to sales in general, or to the execution of an order of sale made by a court of chancery. None such is referred to, or is pretended to exist, but it is only claimed that the court should adopt it by analogy to the rule in respect to the execution of the writ of *fieri facias.* The sureties, then, in the master's first bond did not enter into it in view of any such settled and well known rule of law, and can not be taken as having assumed any such liability as that rule would impose for wrongful conduct after the expiration of the term of office.

By the terms of the bond, there is no liability beyond the term of office. The master was guilty of no misconduct during his first term. His default took place during his second term. To hold the sureties in the first bond liable for such default, would be in violation of the well known rule, that the undertaking of a surety is to be strictly construed—that his liability is not to be extended by implication beyond the terms of his contract—that he has a right to stand upon its very terms. We do not well see how it could be held that the sureties in the master's first bond could be held liable for this default, occurring after the expiration of the term of office in respect of which the bond was given; and it would seem to follow that the liability must be under the second bond.

Perceiving no sufficient reason for a rehearing, it is denied.

Mr. Justice Dickey: I can not concur in these views. This master, during his first term, had taken the notes and made the deed, and the notes remained in his hands for collection. Had another been appointed as his successor, and had this master, after the appointment of his successor, collected this money and failed to pay it over, I think the sureties on his bond given for this first term would have been liable. The fact that he is his own successor does not qualify this liability or alter the case. It is true, the liability of a surety can not

be enlarged by implication, but is limited to a strict construction of the bond.  When a master is charged by the order of the court with the sale of property, and has begun the work, I see no distinction between his powers and duties in relation to such sale, and the powers and duties of a sheriff having begun to act under a *fieri facias.*

The true construction of the bond is, that the master will perform well all duties imposed upon him during his term of office.  The duty of completing this sale and collecting the money was imposed during the first term of this officer, and not during the second term.  No doubt the court has the power, by intervening order, to take from the hands of the outgoing master, business already in his hands, and to place it in the hands of the successor; but, until this is done, I think it his duty to finish the business in his hands when his successor comes in.