THOMAS A. McINTYRE ET AL.

v.

TRUSTEES OF SCHOOLS, etc.

OFFICIAL BOND—LIABILITY OF SURETIES—DEFICIT OCCURRING PRIOR TO EXECUTION OF BOND.—The liability of a surety is not to be extended by implication beyond the terms of his contract. The undertaking of a surety upon the official bond of township treasurer, is that the principal shall pay over to his successor all moneys in his hands as such treasurer during his term of office, but his sureties are not liable for his wrongful acts prior to the execution of the bond.

ERROR to the Circuit Court of Greene county; the Hon. A. G. BURR, Judge, presiding.

Mr. JAMES R. WARD, for plaintiffs in error; that the bond cannot be construed to cover past delinquencies, cited Ladd et al. v. Board of Trustees, 80 Ill. 233; Farrar v. United States, 5 Pet. 389; United States v. Boyd, 15 Pet. 209; Trustees, etc. v. Otis et al. Sup. Ct. Ill. 1877, unreported.

The contract of a surety is to be construed strictly: People v. Tompkins et al. 74 Ill. 482; Governor v. Lagow, 43 Ill. 134.

It is only for defaults occurring during the term for which the bond was given, that the sureties are liable: Vivian v. Otis et al. 24 Wis. 518; Farrar v. United States, 5 Pet. 389; United States v. Boyd, 15 Pet. 209; Miller et al v. Macoupin Co. 2 Gilm. 50; Rochester v. Randall, 105 Mass. 295; United States v. Eckfords, 1 How. 261; Meyers v. United States, 1 McLean, 493; 2 Barb. Ch. 613.

Mr. J. W. ENGLISH, for defendants in error; that the treasurer is required by law to keep books of account, and they are public records, and presumed to show correctly the financial account of the treasurer, cited Rev. Stat. 1877, 911, § 56.

They are equivalent to an official report of the funds in the hands of the treasurer at the beginning of his term of office: Morley v. Town of Metamora, 78 Ill. 394.

The sureties on his last official bond are chargeable with notice of all the treasurer's books contain: Pinkstaff et al. v. The People, 59 Ill. 148; Miller et al. v. Macoupin Co. 2 Gilm. 50.

HIGBEE, P. J. This action is against McIntyre and his sureties upon his official bond as treasurer of said school township, to recover money which it is alleged he had in his hands at the expiration of his term of office, and failed to pay over to his successor on demand made therefor.

The condition of the bond upon which the breach is assigned is in the form required by the statute, and is that if the said McIntyre shall deliver to his successors in office all moneys, books, papers, securities and property in his hands, as such treasurer, then the obligation to be void.

The case was submitted for trial in the court below upon the following agreed facts: That Thomas A. McIntyre had been Treasurer of Township 9, R. 12, from April, 1869, to April 8th, 1878, the date of his removal from office. He was annually re-appointed treasurer of said township, from April, 1873, to April, 1877, and each time gave a new bond with new sureties. The record of the proceeding showing his last appointment is as follows: "April 2nd, 1877, at a regular meeting, notes and bonds in treasurer's hands examined and found correct, and Thomas A. McIntyre is hereby appointed treasurer for another year, and bond approved. A. F. Herron, Pres't." The bond sued on was given in April, 1877, for the succeeding year. McIntyre never made any written report of his receipts and expenditures that was recorded or filed, from his first appointment, in 1869, till his removal, April 8th, 1877. He had $21.28 township moneys in his hands on the day of his reap-

pointment in 1877. That from thence to April 8th, 1878, his deficit is $383.24. He is in default $3,833.53, altogether; moneys received and not accounted for from 1869 to 1878 (April), $3,450.31, of which was unlawfully appropriated and converted by McIntyre to his own use prior to March 30th, 1877. The foregoing statement as to moneys actually received and expended by McIntyre during his last term of affice, and conversion by him prior thereto, being McIntyre's own showing from his private papers, there being no public record to show these facts, or that they were known to the trustees or McIntyre's sureties until after his removal from office.

Upon this evidence the court rendered judgment against the defendants for $3,833.53 and costs.

From the agreement of parties it appears that when the bond sued on was given, the principal had in his hand belonging to the school fund $21.28, and that his deficit during the remainder of his term of office only amounted to $383.24. This presents the question, whether his sureties are liable for the $3,450.31 which it is admitted had been wrongfully converted by the principal to his own use before the commencement of his term of office for which they undertook to be responsible for his official acts.

The liability of a surety is not to be extended by implication beyond the terms of his contract. The undertaking here is that the principal shall pay over to his successor all moneys, etc. in his hands as such treasurer, and his sureties are not liable for past derelictions. Ladd v. Trustees, 80 Ill. 234; Farrar v. U. S. 5 Peters, 389; U. S. v. Boyd, 15 Peters, 209; Vivian v. Otis et al. 24 Wis. 518; 1 American Reports, 199; Rochester v. Randall, 105 Mass. 295; Trustees of Schools v. Wm. M. Smith et al. 88 Ill. 181; McLean v. People, 85 Ill. 205.

The sureties are liable for all moneys received by their principal or in his hands during his term of office, but not for his wrongful acts before they became responsible for his official conduct by signing his bond. It is obvious from the agreement that the $3,450.31 was never in the hands of McIntyre while acting under this bond; its misappropriation was complete before the bond was executed, and while he was acting under a bond signed by other parties.

This case is clearly distinguishable from the case of Morley v. Town of Metamora, 78 Ill. 396. There a supervisor was elected for a second term, and at the end of the first term made a report, showing a certain amount in his hands belonging to the town, which report was approved, and it was held that such report must be considered as true, and that such amount was in his hands as his own successor, and that the sureties on his bond for the second term were liable for a failure on his part to account for it.

Here no account was rendered by the school treasurer, and it is admitted that when he was appointed in April, 1877, he had in his hands but $21.28, and that he had prior to that time wrongfully appropriated and converted to his own use $3,450.31, and that he has rendered no account of the same.

When an officer is his own successor, and receives money during his first term, in the absence of proof to the contrary, it may well be presumed that he still holds it during his second term, but such a presumption may be rebutted, and in this case is clearly rebutted by the admitted facts in the record.

It being admitted that the money sought to be recovered was not at any time in the hands of the defendant, McIntyre, during his last term of office, we think his sureties on his official bond are not liable for his failure to pay it over to his successor, and therefore reverse the judgment of the court below and remand the cause.

Reversed and remanded.