## THE PEOPLE, use, etc.

### v.

## JOHN R. SHANNON ET AL.

MASTER IN CHANCERY—NEW BOND—FAILURE TO PAY OVER MONEY.— Where a master in chancery, by virtue of his office, had received certain money and effects, which before his term of office had expired he was ordered by the court to pay over to the parties entitled thereto, failed to make such payment as directed, but retained the money and effects, and his term of office expiring, he entered upon a new term, giving a new bond, an action will lie upon the latter bond for a failure to pay over as required by the order of court.

APPEAL from the Circuit Court of Randolph county; the Hon. WM. H. SNYDER, Judge, presiding. Opinion filed April 14, 1882.

Mr. JOHN M. LINDSEY and Mr. RALPH E. SPRIGG, for appellant; that the sureties are liable, cited McLain v. The People, 85 Ill. 205; Morley v. Town of Metamora, 78 Ill. 394; Ladd v. Trustees, 80 Ill. 233.

Messrs. MICHAN & GODDARD and JOHNSON & HORNER, for appellees.

WALL, J. This was an action of debt against Shannon and his sureties on the bond given by Shannon, as master in chancery of Randolph county. The amended declaration avers the making of the bond, which was filed in the office of the clerk of the circuit court, October 15, 1879, subject to the condition that, whereas, the said Shannon, by reason of no successor being appointed in his stead as master in chancery, would continue

in and exercise the duties of said office, until the March term, 1830, and until a successor should be appointed and qualified, therefore it was provided that if he should faithfully perform, exercise and discharge the duties required of him by law as such master, and truly account for and pay over to the parties entitled to receive the same, all moneys and effects of every nature that should come to his hand by virtue of said office, then the bond should be void; that said bond being approved, said Shannon having taken the proper oath, assumed the duties of said office; that in July, 1879, said Shannon had, as master, sold certain lands pursuant to a decree of said court, and at the September term, 1879, prior to the giving of the bond, made his report, showing on hand as the proceeds of the sale, $69.80 cash, and a note and mortgage for $1,530, due one year from the sale; that he was by the court then ordered to pay over to the respective parties thereto entitled *pro rata*, the proceeds of said sale, as follows, etc., setting up the share of plaintiff that he did not pay over, but converted the money and note to his own use, and has refused to account for the same to his successor or to the plaintiff. The circuit court sustained a demurrer to the declaration, and the only question is whether this ruling is correct.

The money on hand when the order of court was made, should have been distributed to the parties entitled thereto under the order of court, and if before the making of the new bond he had, upon request, failed to do so, or had the money been then wasted, so that a request would have been unavailing, his liability in respect thereto would then have been fixed; but if the money was not called for, he might properly retain it in his hands until the proper parties should appear, or until his successor should be appointed.

So, also, as to the note. It was properly in his hands, and would there remain until it should be collected or transferred to his successor.

But before the money was called for or the note was due, his original term expired, and he entered upon a new term, or to say the least, held over; and in view of such tenancy or holding over, he gave the new bonds, and so was permitted to

retain the money and note. This was in effect to transfer to himself in his new capacity or tenancy what he had previously held under the old. It was a condition of the new bond that he should pay over to the proper parties all moneys and effects of every nature that should come to his hands by virtue of the office upon which he was then entering. The money and effects which he was then properly holding, and which he continued to hold thereafter, "came to his hands by virtue of said office," in a legal sense, as much as though he had afterward received the same from other persons; and if he afterward misappropriated and converted the same to his own use, he is liable on this bond.

Neither he nor his sureties can be allowed to question the validity of the bond by means of which he was enabled to retain the effects and convert the same, as is alleged. Coons v. People, 76 Ill. 383; Weir v. People, 78 Ill. 192; Bell v. People, 94 Ill. 30; McLain v. People, 85 Ill. 205.

We are of opinion the declaration shows a substantial cause of action, and the judgment is therefore reversed and the cause remanded.

Reversed and remanded.