THE PEOPLE, use, etc.

v.

JOHN R. SHANNON ET AL.

1.  OFFICIAL BOND—SURETY.—The obligors on the bond of a master in chancery can not escape their liability for a breach of such bond arising from the failure of the principal to pay over money collected by virtue of his office, on the plea that it is not such a bond as the statute requires.

2.  COMMON LAW OBLIGATION.—By the execution of the bond, the principal, under color of legal authority, was suffered to retain the money, and became entitled to compensation for his services, which would be a sufficient consideration to support the undertaking, and the bond was good as a common law obligation.   Whatever is enough to support the promise of the principal will sustain that of the surety.

3.  BOND FOR PRECEDING TERM OF OFFICE—SUIT UPON BOTH.—An action could not be maintained for a failure of the master to pay over money held by him by virtue of his office, upon the bonds given by him for the present and preceding terms of his office, unless the parties to both were the same persons.

4.  ACTION UPON THE BOND GIVEN FOR THE TERM IN WHICH HE WAS IN DEFAULT.—The default in payment of the money occurring during the last term of office of the master, resort may be had to the bond given for that term.

The People v. Shannon.

5. To WHOM MONEY SHOULD BE PAID.—The money remaining in the hands of the master after his term of office had expired, the court might order it paid to his successor in office or to the beneficiary. It was subject to the order of the court, and it is immaterial to the sureties whether he is required to pay to the plaintiff direct or to his successor in office.

6. ORDER TO PAY OVER MONEY.—The first order of court directed the master to retain the money until the further order of court, and it may be doubted whether it could be paid over without an order for that purpose. This order was a public record, and the sureties were bound to take notice of it, and will be presumed to have entered into the obligation in view of it.

APPEAL from the Circuit Court of Randolph county; the Hon. WM. H. SNYDER, Judge, presiding. Opinion filed April 14, 1882.

Mr. ALBERT N. SPRAGUE for appellant; cited Rev. Stat. 1874, 697; Coons v. The People, 76 Ill. 383; McLain v. The People, 85 Ill. 205; The People v. Beach, 77 Ill. 52.

Mr. JOHN MICHAN, Mr. REUBEN J. GODDARD, and Messrs. JOHNSON & HORNER, for appellees.

WALL, J. This was an action of debt brought upon the same bond referred to in the case of The People, etc., for use of Mudd, etc., v. Shannon, *ante* 355, decided at this term. The declaration contains two breaches, and was by the circuit court held bad on demurrer. The plaintiffs stood by the declaration, and the case is brought here by appeal, and by the assignments of error we are required to determine whether a cause of action is sufficiently alleged. The first breach alleges that said Shannon, a master in chancery, did, on the 19th of July, 1879, sell certain lands, of which one Robert N. Bratney died seized, under a decree of said court in a chancery proceeding for the purpose of reforming deed, making partition, etc. That at the September term, 1879, he reported the sale, showing on hand the sum of $96.85 cash, and notes and mortgages for $3,064.50, as the proceeds of the sale; that the court approved his report and ordered him to retain said moneys, notes and mortgages until the further order of the court in the premises; that at the adjourned March term, 1880, to wit, on the 15th day of May, 1880, the court, upon petition of said Adaline E. Brat-

ney, administratrix of said Robert N. Bratney, ordered the said Shannon to pay out of the funds in his hands the sum of $3,259.30, to be applied by said administratrix to the discharge of the indebtedness of said R. N. Bratney; that said Shannon then had in his hands $2,000, as a part of the proceeds of said sale, which he had previously, to wit, on the 1st day of March, 1880, while lawfully exercising the duties of his office, collected and received out of said notes, etc., and that he refused upon demand to pay the same over to said Adaline E. Bratney.

It is urged, first, that this bond is not such as authorized by the statute, and is at best but a voluntary obligation. If this be so, the makers can not for that cause escape liability. By the execution of the bond, the principal under color of legal authority was suffered to retain these notes, and was enabled to collect money on them, and become entitled to compensation for his services which would be a sufficient consideration to uphold the undertaking. This would be a sufficient consideration to sustain his undertaking, and whatever is enough to support the promise of the principal, will sustain that of the surety. This bond was therefore good as a common law obligation. Pritchett v. The People, 1 Gil. 525; Coons v. The People, 76 Ill. 383. It is next argued that if the bond is statutory, it is merely an additional bond, and that Shannon is liable also on his first bond, and that the suit should have been brought upon both bonds. We are at a loss to see how, conceding both bonds to be held for this liability, the suit could have been upon both, unless the parties to both were the same persons, nor why it would be necessary in that case to include both bonds in the same suit. It is urged that the present bond can not be held because the sale was made, and the order of court approving the same, and that the master hold the proceeds till further order, was entered prior to the giving of this bond, and, therefore, this bond is not the proper security for his act in the premises.

The answer is that he retained the notes pursuant to the order of the court, and as is alleged collected, the money thereon after this bond was given and did not pay over the same to his

successor or to any other person, and had not done so up to the time the order was made that he pay to said Adaline E. Bratney. The default occurred then under the present bond, and to that the plaintiff may resort. McLain v. The People, 85 Ill. 205. It is further urged that the sureties could not be required to pay the money to this plaintiff for the reason that as this order, authorizing her to receive the money, was entered some two months after Shannon's term had expired, and his successor appointed, the latter was the proper person to receive the money, and that to him only are they liable. As just stated, the allegation is that Shannon had in his hands at the time this order was made, the money so collected. Then he had not paid it to his successor. It was subject to the order of the court, and it is immaterial to the sureties whether he is required to pay to this plaintiff direct or to his successor for her use. Indeed under the order made at the September term that he retain it till further order, it may be doubted whether he could properly have paid to his successor or any one else, until a further order was made. This order was a public record of which the sureties were bound to take notice, and it must be presumed they entered into the obligation with knowledge and view of it.

We are of opinion that the first breach alleges substantially a good cause of action, and that the circuit court erred in sustaining the demurrer thereto. The second breach is somewhat obscure, and confused in its allegations, and we are not prepared to hold it sufficient.

The judgment is reversed and cause remanded.

