ESTATE OF SINGER: SINGER, Administrator, Appellant, vs.
TIKALSKY and others, Respondents.

*March 9—April 5, 1927.*

*Army and navy: Soldier's war risk insurance: Unpaid instalments:
Who entitled to on death of beneficiary.*

1. The intention of the law-making power must be ascertained
   from the language used to express that intention, and it is
   only when the language used is uncertain, indefinite, or am-
   biguous that resort may be had to judicial construction.
   p. 527.

2. Under sec. 14 of the act of Congress of March 4, 1925 (43
   U. S. Stats. at Large, p. 1310), amending sec. 303 of the act
   of June 7, 1924, where the whole amount of a war risk in-
   surance policy was not paid to the beneficiary, the mother of
   the insured, before her death, the present worth of future
   payments due thereunder went to the estate of the insured as
   of the date of his death, one half thereof to be distributed to
   the father and one half to the sisters and brother of the
   insured, as representatives of their deceased mother.    p. 527

Estate of Singer, 192 Wis. 524.

APPEAL from a judgment of the county court of Manitowoc county: JOHN CHLOUPEK, Judge. *Affirmed.*

Distribution of war risk insurance. John Singer, an unmarried soldier, died in the service of the government in France May 27, 1918, being the holder of a government war risk insurance policy for the sum of $10,000 in which his mother, Blanche Singer, was named sole beneficiary. After the insured's death the government, pursuant to the assured's contract, paid the beneficiary a monthly sum of $57.50 until her death on July 4, 1925, at which time the present value of the unpaid instalments was $7,095. Blanche Singer, the beneficiary, died intestate leaving surviving her husband, *Alex Singer,* the father of the deceased, and three daughters and one son, sisters and brother of the deceased soldier. *Alex Singer* then applied for administration of the estate of John Singer, alleging that under the Congressional legislation of March 4, 1925 (43 U. S. Stats. at Large, 1310, ch. 553, sec. 303), the total undistributed insurance instalments were payable to the estate of the deceased soldier in one payment. *Alex Singer* was appointed as administrator and as such received the said sum of $7,095. *Alex Singer* claims that he is entitled to the whole of said sum as the sole heir of the deceased soldier. On the other hand, the daughters and son, being the sisters and brother of the deceased soldier, claim as the heirs at law of Blanche Singer, their mother and mother of the deceased soldier, one half of the amount. The deceased soldier had no other estate than the insurance contract described and died intestate.

The county court was of the opinion that under the law the sisters and brother of the deceased soldier were entitled to share in a one-half interest in the fund as representatives of their deceased mother, and from the judgment entered accordingly the administrator appeals.

*Edward L. Kelley* of Manitowoc, for the appellant.

For the respondents there was a brief by *Hougen & Brady* of Manitowoc, and oral argument by *C. E. Brady.*

ROSENBERRY, J.   This case turns upon the interpretation of .the act of March 4, 1925, by which the statute was amended to read:

"If no person within the permitted class be designated as beneficiary . . . by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty instalments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly instalments thereafter payable. . . . When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly instalments of the insurance so awarded to such person."   Act of June 7, 1924, ch. 320, sec. 303, 43 U. S. Stats. at Large, 625; Act of March 4, 1925, ch. 553, sec. 14, 43 U. S. Stats. at Large, 1310.

It is argued that under the statute no interest vested upon the death of the insured.   *Horst v. U. S.* 283 Fed. 600; *White v. U. S.* 299 Fed. 855.

In *Horst v. U. S., supra,* the insured had designated no beneficiary, and it was claimed that the heirs of the insured became vested with an interest in the fund and that consequently a subsequent statute could not divest them of their right.   The statute was, however, upheld on the ground that no interest had vested under the act.   The present worth of monthly instalments payable after the death of the insured is, in the event the beneficiary shall die, to be paid "to the estate of the insured," and in this case the government has paid the amount to the administrator of the estate of the insured.   The only question then remaining to be determined is, Who are the distributees of the estate of the insured? and it is very vigorously argued that having in mind the purpose of the insurance—that is, the general protection of the insured and his dependents—that it should be held in this case that the father, who is the only one who may be

considered in any legal sense dependent, is entitled to receive the whole of the estate because such was the intention of the Congress. The intention of the law-making power must be ascertained from the language used to express that intention, and it is only when the language used is uncertain, indefinite, or ambiguous that resort may be had to construction. Here the language of the act is perfectly plain— the remainder of the fund is to be paid to the estate of the deceased. Hence there is no room for the application of rules of construction. The intent of the law-making power is that which is found clearly expressed in the language used in the act. Whether it be considered, as said in the *White Case, supra,* that the contract be a contract of insurance or a pension, or partakes somewhat of both, its disposition in the event of death is clearly indicated. Immediately upon the death of the insured the title to his estate vested in his heirs. *Caldwell & Gates Co. v. Mennes,* 190 Wis. 551, 209 N. W. 588.

It does not necessarily follow, however, that there was vested in the heirs any interest in this particular fund. What did vest was the right to the estate of the deceased whatever it might be. The whole amount of the policy not having been paid to the beneficiary, the estate of the deceased was augmented by the present worth of future payments. When this sum was paid to the administrator under the law it must be distributed to his heirs as of the date of his death. The mother having had a vested right to one half of the estate, that right upon her death vested in her heirs, so that the trial court correctly held that the estate should be distributed one half to the father, *Alex Singer,* and one half to the sisters and brother as representatives of their deceased mother.

*By the Court.*—Judgment affirmed.