Cook, County Judge, Appellant, vs. Nelson and another, imp., Respondents.

*September 16—October 11, 1932.*

For the appellant there were briefs by *W. H. Stafford* and *Harold E. Stafford,* attorneys, and *W. M. Bowe* of counsel, all of Chippewa Falls, and oral argument by *Mr. Bowe.*

*Wm. A. Cameron* of Rice Lake, for the respondents *C. D. Nelson* and *Ernest G. Gross.*

FRITZ, J. This action was brought to recover from Herman Ringer as principal, and defendants C. D. Nelson and Ernest G. Gross as sureties, on an administrator's bond in the usual form running to plaintiff as county judge, and conditioned among other things upon the administrator rendering a true account of his administration and performing all orders and judgments of the county court. In May, 1930, Herman Ringer was appointed administrator of the estate of his son, Clarence H. Ringer, on a petition by Herman in which he alleged that he was the father and next of kin and heir at law of Clarence. The latter had died in 1919, and was survived by his parents Herman and Emma Ringer, and some brothers and sisters. His estate consisted solely of a federal war risk insurance certificate for $10,000, in

which his mother was named as beneficiary, and under which she had received monthly instalments until she died in January, 1930, when $5,558 were still payable under the certificate. That amount was collected by Herman Ringer as administrator, and in that capacity he deposited that amount to his credit. In October, 1930, he filed a petition for the allowance of his final account in which he duly accounted as administrator. On October 6, 1930, the county judge, who is the plaintiff in this action, in a letter to the administrator's attorney, returned the petition for execution by the notary. In that letter the plaintiff said: "Some of the Ringer heirs have been in to see me with reference to the disposition of this estate and there may be an appearance here on the 21st, and if so, I would suggest that you be present on the question of who the proper heirs are under the federal law of the deceased Charles H. Ringer." (Note: The given name "Charles" was evidently used by mistake instead of "Clarence.")

At the hearing on October 21, 1930, the administrator testified that he was the sole heir, and the final decree, then entered, assigned the estate to him as such heir. He was not then interrogated as to who were the members of his family, or as to his or Clarence's relatives, and he did not give any false testimony in those respects. His testimony that he was the sole heir as to the proceeds of the federal insurance certificate was not a statement as to a mere matter of fact. It involved rather a mixed question of fact and law, and to answer correctly involved not merely the facts as to the family relationship and whether the mother died before or after Clarence, but also legal knowledge as to terms and correct interpretation of the federal statutes in relation to such certificates, as well as the state law of inheritance. On October 22, 1930, in compliance with that final decree, the net proceeds of the estate of Clarence were duly paid to his father in his individual capacity, as the sole heir. On Febru-

ary 16, 1931, the county court on petition appointed a guardian *ad litem* for two of the minor children of Emma Ringer and, without notice to or any appearance on the part of the sureties on the administrator's bond, also vacated the final decree entered October 21, 1930. On March 3, 1931, another decree was entered in the county court, which then awarded one-half of the residue of Clarence's estate to his father and one-eighteenth to each of the nine surviving children of Clarence's mother, Emma. That decree Herman Ringer petitioned to have vacated, but the county court in a decree entered July 25, 1931, re-awarded the one-half interest to the father and a one-eighteenth interest to each of the nine surviving children, and in that connection made a finding that at the October, 1930, hearing on the final account, Herman Ringer represented and testified that he was the only heir at law of said deceased, and, there being no other appearances or testimony introduced, the court was misled thereby into signing the final judgment dated October 21, 1930. Thereafter this action was commenced to recover on the administrator's bond. In the meantime Herman Ringer in his individual capacity had disbursed all but $800 for the expenses of his wife's funeral and a grave marker, for the improvement of the family homestead and other conveniences and benefits for himself and the children, and to discharge the one-eighteenth interest of his son, Archie. The remaining $800 he paid to plaintiff in partial discharge of his obligation as finally decreed.

On the trial of this action in the circuit court, the learned circuit judge did not find, as was contended for on behalf of plaintiff, that Herman Ringer committed any fraud on the county court, but, instead of so finding, the circuit judge rightly said that the county judge's letter of October 6, 1930, indicated that he then knew about the children. The circuit judge concluded that the county court could vacate the final decree of October 21, 1930, as to the parties to it because the

minors had not been represented, but that that decree was valid until it was set aside, and therefore a payment made in compliance with that decree, while it was in full force and effect, constituted proper performance by the administrator of his duties for the due performance of which the administrator's bond was conditioned; that by reason of such due performance the sureties were discharged; but that, as regards Herman Ringer, the county court could vacate the decree and then award half of the residue of Clarence's estate to the estate of Emma Ringer; and that in this action on the surety bond the plaintiff could recover from Herman Ringer, in his individual capacity, the sum of $1,267.19, which is half of that residue less the following amounts paid by Herman Ringer out of said moneys, to wit: $345 which were chargeable to Emma Ringer's estate for her funeral expenses and a marker for her grave; $258.39 paid to Archie Ringer as his share as one of the children of Emma Ringer; and $800 paid to plaintiff. Judgment was entered in accordance with those conclusions, and on an appeal by plaintiff all parties have appeared and have been represented by counsel in this court excepting Herman Ringer.

Manifestly, in so far as the final decree of the county court, as first entered, was incorrect in that it adjudged that Herman Ringer was the sole heir, and as such heir entitled to the distributable property of the estate, consisting solely of the proceeds of the war risk insurance certificate, it was erroneous because of a mistake of law on the part of the county judge. As is disclosed by his letter of October 6, 1930, the latter had knowledge, when he ordered the entry of that decree, of the fact that there were children, whom he referred to in his letter as "some of the Ringer heirs." Under the circumstances, Herman Ringer's testimony on October 21, 1930, that he was the heir at law of the proceeds of the war risk insurance certificate did not constitute a

fraud on his part any more than the county judge's erroneous conclusion that Herman Ringer was entitled as heir to those proceeds can be considered fraudulent on the part of the judge. That erroneous conclusion did not constitute the commission of a fraud by either the witness or the judge. The conclusion was erroneous because of an error in a matter of law, and not merely because of a misstatement as to the fact of survivorship or relationship. The county judge had at least such knowledge as to the latter that he undoubtedly was not misled as to the existence of surviving Ringer children. On the other hand, the correct conclusion as to that matter of law necessitated legal knowledge and ability to understand and rightly construe and apply not merely the state statutes as to inheritance, but also and primarily the federal statutes and decisions relating to war risk insurance. The difficulties and uncertainties which arose under those statutes, under facts similar to the facts in the case at bar, resulted not only in an appeal to this court in *Estate of Singer,* 192 Wis. 524, 213 N. W. 479, but also in appeals and conflicting decisions in other jurisdictions, and an appeal ultimately to the supreme court of the United States in *Singleton v. Cheek,* 284 U. S. 493, 52 Sup. Ct. 257, 76 Lawy. Ed. 419 (opinion filed February 15, 1932).

Consequently, as no fraud was committed by any person in connection with the entry of the final decree on October 21, 1930, it cannot be held that that decree was procured by fraud, or that it could be set aside because of fraud. That being true, the actual payment by Herman Ringer as administrator to himself in his individual capacity, pursuant to and in compliance with that final decree, and while it was in force and effect, constituted proper performance on his part under the court's order and judgment, and was therefore in full compliance with, and not a breach of, the ad-

ministrator's bond. Performance under those circumstances terminated the liability of the sureties on the administrator's bond. 24 Corp. Jur. pp. 1068, 1069; *State ex rel. Noll v. Noll* (Mo. App.) 189 S. W. 582; *Evans v. Evans,* 200 Ala. 329, 76 South. 95, 102; *Weir v. People,* 78 Ill. 192. That consequence followed even though the payment was made by Ringer in his representative capacity to himself in his individual capacity. 24 Corp. Jur. p. 107; 11 Ruling Case Law, p. 305; *Taylor v. Deblois,* 4 Mason, 131 (Fed. Cas. No. 13790). In law, Herman Ringer in his individual capacity is an entirely different holder of the fund from Herman Ringer while holding the fund as administrator. In the latter capacity he is in law neither the same person as the former nor in privity with him. *Stoll v. Mutual Benefit L. Ins. Co.* 115 Wis. 558, 565, 92 N. W. 277. His failure in his individual capacity to repay the fund to himself in his capacity as administrator was not a failure to distribute property of the estate, which was still in fact in his custody as administrator, and hence was not a breach which revived liability on the part of the sureties, after proper payment pursuant to the original decree had resulted in the termination of their liability as sureties. As far as they are concerned, the judgment must be affirmed.

Plaintiff also contends that the judgment fails to comply with sec. 321.03, Stats., in that it fails to specify the amount due to each heir for whose benefit the action on the bond was brought by plaintiff. That contention does not seem to have been urged in the trial court, and as Herman Ringer has not appeared on this appeal it is not opposed at this time. Upon Emma Ringer's death, half of the unpaid benefits under the war risk insurance certificate was the property of her estate, payable to the administrator of her estate, and subject as any other of her property to the payment of the expense of her funeral and grave marker. *Schneider v.*

*Estate of Breier,* 129 Wis. 446, 109 N. W. 99. In the absence of proceedings for the administration of her estate, it was permissible in the administration of the estate of her predeceased son, Clarence H., to decree, as was done in the second and third decrees entered on March 3, 1931, and July 25, 1931, respectively, the distribution of a one-ninth share of the half share of Emma Ringer directly to each of her surviving children. *Estate of Singer, supra.* However, the amount to which each child would thus be entitled would be subject to the payment of the debts payable out of the estate of Emma Ringer, including the expense of her funeral and grave marker. Consequently, in adjudging Herman Ringer liable for the amount of the share payable to each of the children, it was but equitable and proper to allow him to offset the amount which he was entitled to receive from the estate of his wife on account of the expenses of her funeral and grave marker, and he was also entitled to credit for the amount which Archie Ringer was entitled to receive as his one-ninth share of his mother's estate, and the payment of which he had received from his father. As to the balance of the $1,267.19 for which, after allowing the proper credits or setoff, Herman Ringer is liable to plaintiff for the benefit of the other eight children, the judgment should be modified so as to specify the amount to which each of those children is entitled.

*By the Court.*—Judgment affirmed as to the respondents Nelson and Gross, with costs against plaintiff; and cause remanded with directions to otherwise modify the judgment as directed in the opinion, without costs in this court.