BRENNAN, County Judge, Appellant, vs. MOON and others, Respondents.

*March 9—April 11, 1933.*

*O. B. Porter* of Madison, for the appellant.

For the respondents there was a brief by *Graves & Earll* and *H. E. Carthew,* all of Lancaster, and oral argument by *Mr. Carthew* and *Mr. J. S. Earll.*

ROSENBERRY, C. J. By order entered on the 9th day of September, 1930, the county court vacated the final judgment entered October 26, 1926, and likewise vacated the order discharging Cora B. Moon as administratrix, which order was entered on the 12th day of July, 1927, and directed the appointment of an administrator *de bonis non.* Thereupon a trial was had with respect to the heirship of Ruth Muriel Bailey, and on the 9th day of December, 1930, the county court entered a second order vacating the order of September 9, 1930, except as to that portion of the order providing for the appointment of an administrator *de bonis non,* and further adjudging that the final judgment entered be amended and corrected so far as it declared certain named persons to be all of the heirs at law of Lawrence W. Bailey and distributing the estate of Lawrence W. Bailey to said persons so as to declare that Ruth Muriel Bailey was the natural child and sole heir at law of said Lawrence W. Bailey. The grounds upon which the final judgment of

October 26, 1926, were vacated are not stated in the order or in the recitals, but in an opinion filed on June 10, 1930, the court said, among other things:

"The court feels that he should state in behalf of Cora B. Moon that the evidence does not disclose that she committed or perpetrated any intentional fraud upon the court."

It further appears from the opinion that the court set aside the final judgment of October 26, 1926, on the ground that the court was in error as to the finding with respect to heirship and that Ruth Muriel Bailey was not bound thereby because she, a minor, had not appeared in any way in the prior proceeding had in the administration of the estate of Lawrence W. Bailey.

This statement of facts is made for the reason that upon this appeal attorneys for the plaintiff contend that the matter of fraud is *res adjudicata* and that therefore Cora B. Moon is concluded and may not relitigate in this action a question determined adversely to her in the proceeding in the county court to which she was a party. While in *Estate of Bailey,* 205 Wis. 648, 238 N. W. 845, this court referred to and considered the finding of the county court with respect to fraud and stated:

"If the establishment of fraud were necessary to vindicate the action of the county court in revising the original order of distribution, we should have no difficulty in determining the existence of fraud sufficient to arouse the power and jurisdiction of the county court,"—the court further said:

"We are satisfied that in this case material facts were suppressed by those who claimed the estate and who knew the facts, and that the general order of distribution was entered upon a mistaken notion of the facts. This in itself aroused the jurisdiction of the county court to vacate and amend its order of distribution. Furthermore, Ruth M. Bailey was an infant, and she was not represented in those proceedings. She was entitled to her day in court and, hav-

ing moved promptly, even before she arrived at maturity, she was entitled to have a re-examination of the facts upon which the original decree rested, and a revocation thereof if based upon an erroneous understanding of the facts. We conclude that the court had abundant power to revise its original order of distribution."

This court did not find it necessary to reverse or in any way modify the order of the county court, which is clearly based upon the power of the court to amend its judgment and decree upon it satisfactorily appearing that a mistake of fact has been made, where the person seeking revision of the judgment or decree was not a party to the proceeding and not bound by it, so that we are obliged to hold upon this record that the matter of fraud was not adjudicated or determined in the proceeding in county court and must overrule the contention of the plaintiff in that regard.

We are then brought to a consideration of the effect of a judgment and decree of the county court making a final distribution of an estate where it appears that the judgment or decree was entered upon a finding which was contrary to the facts as now appears but in accordance with the facts as they were then made to appear to the court. We consider this the controlling question in this case not only because of the statement of the county judge made in his opinion in the proceedings in county court but because of the fact that upon this trial it is found that Cora B. Moon was not guilty of any fraud upon the court. It appears quite plainly from the evidence adduced on this trial that the matter of the parentage of Ruth Muriel Bailey was not a matter of common knowledge in the community; that Cora B. Moon had the right to believe that while her brother may have been "mixed up with some woman," she was justified in believing that the matter had been settled, and it further appears conclusively that no one except the persons to the transaction knew that Law-

rence W. Bailey had ever acknowledged Ruth M. Bailey to be his child. Unless she had been so acknowledged, even if she was his natural child, she would inherit no part of his estate. From the evidence adduced upon this trial there is nothing upon which a finding could be based that Cora B. Moon or any one else except the district attorney, the mother of the child, and Lawrence W. Bailey had any knowledge of the terms of the settlement.

The precise question remaining for consideration in this case was determined adversely to the contention of the plaintiff in *Cook v. Nelson*, 209 Wis. 224, 244 N. W. 615. In accordance with the determination in that case and in the cases therein cited, it is considered and held that where an administratrix acts pursuant to the judgment and decree of the county court having jurisdiction of the estate and distributes the estate to the persons therein determined to be entitled to it, she is protected therein, and when such distribution has been completed and she has taken and filed the proper and necessary receipts and has been discharged from her trust in accordance with the judgment of the county court, she is then released from liability, her sureties discharged, and the remedy of any person having a claim against the assets is against the persons to whom the assets are distributed and not against the administratrix or her sureties.

*By the Court.*—Judgment affirmed.