JOHN GALLOWAY, EXECUTOR, V. THE ESTATE OF JANET McPHERSON.

*Husband and wife—Funeral expenses—Executor's account.*

If of sufficient ability, it is the duty of a husband to pay his wife's funeral expenses.

So *held*, where the husband made such payment at the request of the executor, who included the amount paid in his account as money advanced by the husband by his direction, which charge was disallowed.

Error to Wayne. (Speed, J.) Argued October 28, 1887. Decided November 10, 1887.

Judgment of the circuit court, disallowing charge by executor for money advanced by a husband to pay his wife's funeral expenses, affirmed. The facts are stated in the opinion.

*Jay Fuller,* for appellant.

*Alex. D. Fowler,* for estate.

SHERWOOD, J. Mrs. McPherson, at the time of her death, lived with her husband, James McPherson. She died, leaving an estate of between two and three thousand dollars, and John Galloway, the appellant, was appointed executor of her will.

The funeral expenses and doctor bills of Mrs. McPherson during her last sickness amounted to the sum of $163, and the executor asked her husband to pay them, which he did.

The executor, on rendering his final account, included this sum among his disbursements, it standing in the account as an item for money—

" Paid James McPherson for money advanced by my direction to the undertaker and doctors for services and funeral expenses."

On appeal by the executor from the disallowance to the circuit court for the county of Wayne, where a trial was had, Judge Speed directed the verdict of the jury in favor of the estate.

It does not appear but that the husband was able to pay his wife's funeral expenses, and it was his duty to do so. *Sears v. Giddey,* 41 Mich. 590; *Jenkins v. Tucker,* 1 H. Bl. 90; *Ambrose v. Kerrison,* 10 C. B. 776; Macq. Husb. & W. 191; *Bradshaw v. Beard,* 12 C. B. (N. S.) 344; *Bertie v. Chesterfield,* 9 Mod. 31; *Methodist Church v. Jaques,* 1 Johns. Ch. 450; *Durell v. Hayward,* 9 Gray, 248.

The judgment at the circuit will be affirmed, with costs.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.