JOHN P. CONSTANTINIDES *vs.* JAMES L. WALSH, executor.

Suffolk.    January 20, 1888. — March 2, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Husband — Married Woman — Separate Estate — Funeral Expenses.*

A husband, paying the funeral expenses of his wife, who has left property, may recover them of her executor.

CONTRACT, upon an account annexed, for the expenses of the funeral of the defendant's testatrix. Writ dated June 18, 1886. Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions in substance as follows:

Louisa Constantinides, the plaintiff's wife and the defendant's testatrix, died on October 23, 1884, possessed of separate estate, all of which she gave to her son, the step-son of the plaintiff, by her will admitted to probate on November 17, 1884. The plaintiff had no knowledge of the will until three weeks after her death, before which time he had contracted, and on October 27,

1884, had paid a bill for her necessary funeral expenses, which it was agreed was reasonable. It was not contended that the defendant had, prior to or after his appointment, made any promise of payment.

The defendant asked the judge to rule that the plaintiff could not recover, and the judge so ruled, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. A. Maxwell*, for the plaintiff.

*G. A. Bruce*, for the defendant.

HOLMES, J. The funeral expenses of the testatrix were a preferred charge upon her estate. Pub. Sts. c. 135, § 3; c. 137, § 1. St. 1882, c. 141. Under these statutes, and those establishing the independent position of married women with regard to their property, we think that, as between the estate of a married woman leaving property and her husband, the liability of the estate must be regarded as primary, and that it would be unreasonable to charge the husband for the funeral expenses, in all events, as necessaries, irrespective of any fault on his part. If then it was still, as formerly, the plaintiff's legal duty to see that his wife was buried, but her estate was primarily liable, he is entitled to recover his reasonable expenditures, as in other cases when a person has paid in pursuance of a legal duty what, as between himself and another, that other was bound to pay. There is no technical difficulty in a husband's imposing a liability upon his wife's executor after her death.

If it was not the plaintiff's legal duty to do what he did, nevertheless we are of opinion that he stood on no worse ground than a stranger would have done. A stranger could have recovered against the estate of a man, if he was justified in intermeddling. *Sweeney* v. *Muldoon*, 139 Mass. 304, 306. And formerly, in the case of a married woman, he could have recovered against her husband. *Lakin* v. *Ames*, 10 Cush. 198, 221. *Weld* v. *Walker*, 130 Mass. 422, 423. *Bradshaw* v. *Beard*, 12 C. B. (N. S.) 344. Undoubtedly he could now recover against her estate. If so, the husband can. In such a matter, it is not to be presumed that the husband waives his legal rights, and makes a gift to the estate of his wife, in the absence of any expression or other evidence to that effect. *Exceptions sustained.*