JAMES D. MORRISSEY *vs.* JOHN MULHERN, executor.

Suffolk.    March 10, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Husband — Married Woman — Separate Estate — Funeral Expenses.*

A husband, having paid the funeral expenses of his wife, who has left property, may recover them of her executor.

CONTRACT, upon an account annexed, for the expenses of the funeral of Catherine J. Morrissey, the defendant's testatrix. Writ dated January 18, 1896.

At the trial in the Superior Court, before *Lilley*, J., there was evidence tending to show that Catherine J. Morrissey, who was the wife of the plaintiff, died on October 14, 1893; that she had been living apart from him for two weeks previous to her death; that she made her will on October 2, 1893, while living apart from him, in which, after providing for the payment of her debts and funeral expenses, she left her husband what he would be entitled to had she left no will; that she left the balance of her property to her five minor children; that upon the day of her death the plaintiff went to one Doyle, an undertaker, and ordered the funeral; that the expenses thereof were $200; that the plaintiff was sued by Doyle for that sum, and interest, and judgment was rendered for Doyle for the sum of $215.40, in the Superior Court, and execution issued thereon; that Morrissey paid the execution before bringing this action; and that Morrissey visited his wife while apart from him, and also on the day of her death.

It was agreed that a reasonable amount for the funeral expenses was $224.97; that the executor had funds belonging to the wife's estate in his hands, sufficient to pay the same; that the will was probated on January 11, 1894; that the defendant filed a bond as executor on January 18, 1894; that the plaintiff told the undertaker to charge the bill to him; and that the plaintiff had, and knew he had, sufficient property of his own to pay the funeral expenses when he ordered the funeral.    The plaintiff

testified that he went back to the undertaker within twenty minutes after he ordered the funeral as aforesaid, and told the undertaker to charge nothing to him, and that he so testified in the action of *Doyle* v. *Morrissey* aforesaid, and that at the time his wife left him she was out of her mind.

The judge directed a verdict for the plaintiff for the sum of $224.97 ; and the defendant alleged exceptions.

*A. D. Moran,* for the defendant.

*D. E. Gould & R. Lund,* ( *C. H. Welch* with them,) for the plaintiff.

FIELD, C. J.   We cannot distinguish this case from *Constantinides* v. *Walsh,* 146 Mass. 281.     *Exceptions overruled.*