"In the absence of an express waiver, at least some of the elements of an estoppel must exist."

When the insurer does nothing more than to make an offer, which is instantly rejected, even though the offer and rejection be repeated, there is nothing in that circumstance to mislead the insured or to justify him in believing that, if he persists in refusing the offer made him, the company will waive any defense it may have to his claim to a larger payment. It consequently seems to be the generally accepted view that an offer to pay, with its rejection by the assured, cannot be accepted as sufficient proof of a waiver of the condition calling for formal proofs of loss. Allen v. Dutchess Co. Ins. Co., supra; Vance, Ins. § 585; Clement, Ins. 278; Richards v. Continental Ins. Co., 83 Mich. 508, 47 N. W. 350, 21 Am. St. Rep. 611; Insurance Co. v. Matthews, 65 Miss. 314, 4 South. 62; Insurance Co. v. Sorsby, 60 Miss. 313. It follows that the plaintiff neither pleaded nor proved facts establishing a waiver by the defendant.

The judgment must, consequently, be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide event.

GILDERSLEEVE and MacLEAN, JJ., concur.

---

(110 App. Div. 76)

### In re STADTMULLER et al.

### In re LEE'S ESTATE.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

1. HUSBAND AND WIFE—WIFE'S SEPARATE ESTATE—LIABILITIES—FUNERAL EXPENSES PAID BY HUSBAND.

　The separate estate of a wife is liable for her funeral expenses to the estate of her husband, who died after her, though he assumed and paid them without expectation of reimbursement from her estate; he neither having done any positive act indicating an intent to make a gift of the money to her estate, not having actually released such estate, and he having died before his claim against her estate was barred.

　[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, § 594.]

2. SAME—DOCTOR'S BILLS PAID BY HUSBAND.

　In the absence of special agreement or provision, the separate estate of a deceased wife is not liable for her doctor's bills to the estate of her husband, who died after her, having paid such bills; they being for necessaries supplied her while living with him, for which he is liable.

　[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, § 593.]

Appeal from Surrogate's Court, Orange County.

In the matter of the judicial settlement of the account of Clara Stadtmuller and another, executrix and executor of Catherine T. Lee, deceased. From a decree rejecting claims of Flora A. Stegman, adminis-

tratrix with the will annexed of George Lee, deceased, she appeals.
Modified.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOK-
ER, RICH, and MILLER, JJ.

Sydney A. Syme, for appellant.
Frank Lybolt, for respondents.

HOOKER, J.   This is an appeal from a decree made by the surrogate
of Orange county on the judicial settlement of the account of the ex-
ecutors of the last will and testament of Catherine T. Lee, deceased,
rejecting certain claims against her estate lodged by the administratrix
with the will annexed, etc., of George Lee, deceased.   There is little
dispute as to the facts.   George Lee and Catherine T. Lee were hus-
band and wife, and resided together.   On the 29th day of July, 1902,
the wife died, and the husband, who was then ill, followed her three
weeks later.   Both left estates.   The will of the wife directed that all
her just debts and funeral expenses be paid.   A short time after the
death of his wife Mr. Lee sent for several parties who had claims and
requested them to present their bills.   They were paid on the 15th of
August, 1902.   George Lee paid the physician who attended his wife
during her last illness the sum of $248.50, one Maxiner for flowers
furnished at her funeral $80.50, and one Collier, an undertaker who had
charge of her funeral, $281.   The administratrix with the will an-
nexed, etc., of George Lee, claims to recover these sums from the es-
tate of his wife.   The surrogate, however, rejected these claims, and
the administratrix of the husband's estate appeals from the decree.

That the items paid Collier and Maxiner are legitimate funeral ex-
penses cannot be doubted.   In McCue v. Garvey, 14 Hun, 562, there
were allowed, in addition to the undertaker's bill, disbursements for a
wake and a priest.   A reasonable charge for tombstone is part of
funeral expense (section 2749, Code Civ. Proc; Matter of Ship-
man, 82 Hun, 108, 116, 31 N. Y. Supp. 571), as are carriages for the
funeral, flowers, music, and other incidental expenses.   Matter of
Ogden, 41 Misc. Rep. 158, 83 N. Y. Supp. 977.

It is equally clear that, where the wife leaves a separate estate, al-
though a surviving husband is under a legal obligation to bury the
body of his wife, her estate is liable to the charge.   It has been held
that, where expenditures of this sort have actually been made by the
husband, his wife's separate estate, if she had one, should reimburse
him,   Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384; McCue v.
Garvey, supra; Freeman v. Coit, 27 Hun, 447; Watkins v. Brown, 89
App. Div. 193, 85 N. Y. Supp. 820.   The point made by the respond-
ents that because George Lee assumed these claims without the ex-
pectation of being reimbursed from the estate of his deceased wife
can have no force.   Unless he did some positive act indicative of an in-
tent to make a gift of such moneys to the estate, or actually released
the wife's estate, no legal impediment existed to prevent his claiming
reimbursement in case, for one reason or another, he changed his mind
about filing a claim.   He died before his claim against his wife's estate

was barred, and his administratrix is simply seeking to enforce a right which accrued to him and which he never alienated.

The decree, in so far as it rejected the claim of the administratrix with the will annexed, etc., of George Lee, deceased, for the amount of the physician's bill paid by Lee before his death, is, however, right. So long as the wife lived with her husband, he, and he alone, was liable to the physician as for necessaries supplied to the wife, in the absence of agreement between the wife and the physician that credit should be extended to her. No such agreement was shown to exist. Under such circumstances neither the wife nor her estate would have been liable, in the absence of special direction in her will that such payment be made. This distinction between the physician's charge and the funeral expenses, was the subject of consideration in Freeman v. Coit, supra, where the same conclusion was reached.

The decree should be modified by allowing the claim for the amounts paid the florist Maxiner and the undertaker Collier, and, as so modified, it should be affirmed, without costs to either party. All concur.

<hr>

(48 Misc. Rep. 484)

### In re SIMMONS' ESTATE.

(Surrogate's Court, Rensselaer County. November, 1905.)

1. WITNESSES—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.

Code Civ. Proc. § 835, rendering communications by a client to an attorney in the course of his professional employment privileged, does not render such communication in the presence of a third person privileged.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 764, 765.]

2. BILLS AND NOTES—CONSIDERATION.

Where certain notes made by decedent in her lifetime and payable at her death were left with her attorney, with instructions to deliver them to the payees who were her nephews, because of the attention shown her on visits made to them by the maker, they are valid claims against the estate, though the persons rendering the services did not expect to be paid for them.