SCHNEIDER, Respondent, vs. ESTATE OF BREIER, Appellant.

*September 17—October 9, 1906.*

*Married women: Liability of separate estate for funeral expenses: Statutes construed.*

1. Under secs. 3822, 3852, Stats. 1898, the estate of a married woman who dies leaving separate property is primarily liable for her funeral expenses; and the claim therefor may be enforced against such estate without regard to any liability of the husband.

2. Secs. 2341, 2342, Stats. 1898 (providing that the property of a female shall not be liable for her husband's debts), refer to debts which are exclusively debts of the husband, and not to such as are primarily a charge against the separate estate of the wife.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Anna Selma Breier died intestate, leaving a separate estate, and was survived by her husband, John Breier, who lived with her as such up to the time of her death. *August F. Schneider,* plaintiff, an undertaker, at the request of the surviving husband, prepared and buried said deceased, and furnished all necessary work, labor, materials, and services, amounting to $145.75, which claim was duly filed against the estate and allowed by the court. An appeal was taken to the circuit court, and the judgment of the county court affirmed, from which judgment this appeal is taken.

For the appellant the cause was submitted on the brief of *C. S. Matteson.* To the point that a husband is liable for the expenses of his wife's funeral, he cited *Sears v. Giddey,* 41 Mich. 590; *Gunn v. Samuel's Adm'r,* 33 Ala. 201; *Smyley v. Reese,* 53 Ala. 89; *Jenkins v. Tucker,* 1 H. Bl. 90; *Ambrose v. Kerrison,* 10 C. B. 776; *Bradshaw v. Beard,* 12 C. B. N. s. 344; *Bertie v. Lord Chesterfield,* 9 Mod. 31; *Melh. E. Church v. Jaques,* 1 Johns. Ch. 450.

For the respondent there was a brief by *Froede & Bodenstab,* and oral argument by *H. H. Bodenstab.*

Kerwin, J. The question involved upon this appeal is whether the estate of a married woman who dies leaving separate property is liable for funeral expenses. It seems to be well settled that estates of deceased persons are liable for funeral expenses such as are usually adopted for persons of like rank and condition in society (2 Woerner, Adm'n, §§ 357, 359; Schouler, Ex'rs, 3d ed. § 421); and this rule applies to married women leaving separate estates to be administered. *Morrissey v. Mulhern,* 168 Mass. 412, 47 N. E. 407; *McCue v. Garvey,* 14 Hun, 562; *McClellan v. Filson,* 44 Ohio St. 184, 5 N. E. 861; *Constantinides v. Walsh,* 146 Mass. 281, 15 N. E. 631. The liability of the estates in such cases does not rest upon contract relation, but upon a charge which the law imposes upon the estate.

Schouler, Ex'rs (3d ed.) § 421; *McClellan v. Filson, supra.*
Sec. 3822, Stats. 1898, provides that "the personal estate
of the deceased which shall come into the hands of the execu-
tor or administrator shall be first chargeable with the pay-
ment of the debts and expenses; . . ." Sec. 3852, Stats.
1898, provides:

"If, after the amount of the claims against any estate shall
have been ascertained by the court, it shall appear that the
executor or administrator has in his possession sufficient to
pay all the debts he shall the pay the same in full within the
time limited for that purpose. If the assets received by the
executor or administrator, and which can be appropriated to
the payment of debts, shall not be sufficient he shall, after
paying necessary expenses of administration, pay the debts
against the estate in the following order: (1) The necessary
funeral expenses; . . ."

It will be observed that the statutes respecting the pay-
ment of funeral expenses apply to all estates without excep-
tion. There can be no doubt, therefore, that the intention of
the legislature was to include estates of married women leav-
ing separate property which passed into the hands of their
personal representatives for administration and distribution.
It is also very clear from these statutes that funeral expenses
are treated as a debt of the estate, and apply alike to all es-
tates being administered. This is the construction given to
statutes similar to our own in other states. *McClellan v. Fil-
son, supra; Constantinides v. Walsh, supra.*

The main contention, however, on the part of counsel for
appellant is that the husband is liable for the funeral ex-
penses of his deceased wife, and that in the case before us
he ordered them and became primarily liable therefor, and
hence the action cannot be maintained against the estate of
the wife. It appears that the husband ordered the material
and labor to be furnished and performed, but the court found
that the work, material, and labor furnished and services ren-
dered were not given upon the credit of the husband, but

solely upon the credit of the estate. The question of whether the husband would be liable in a proper case is not before us and is unnecessary to consider here. The case turns upon the proposition of law as to whether or not the estate is primarily liable, and we think it clear under the statutes of this state and the decisions in others under substantially similar statutes that the estate is primarily liable, and that the claim for funeral expenses may be enforced against it without regard to the liability of the husband. Schouler, Husb. & W. § 413; *McClellan v. Filson, supra; Constantinides v. Walsh, supra; McCue v. Garvey,* 14 Hun, 562.

It is argued by counsel for appellant that it was the undoubted intention of the legislature in the passage of the laws respecting married women to wholly exempt their property and estates from the operation of sec. 3852, Stats. 1898. We do not so understand it, but, on the contrary, think sec. 3852 was clearly intended to apply to all estates, and that there is nothing in the statutes relating to married women inconsistent therewith. Morever, the general current of authority is to the·effect that estates of all persons are made primarily liable for funeral expenses. The statutes cited by counsel, secs. 2341 and 2342, manifestly refer to debts which are exclusively those of the husband, and not such as are primarily a charge against the separate estate of the wife. The charge for funeral expenses against the estate of a married woman where she leaves separate property is primarily a charge against her estate.

It follows that the judgment of the court below is right, and should be affirmed.

*By the Court.*—Judgment affirmed.