THE STATE OF IOWA v. JOHN ALLEY, Appellant.

**Larceny:** EVIDENCE. The crime of larceny may be established by
1 circumstantial evidence and in this case the evidence is held sufficient to support a conviction.

**Same:** RECENT POSSESSION: INSTRUCTION. The evidence in this case
2 tending to connect defendant with the larceny, and that relating to the possession of the stolen property, was sufficient to justify an instruction on the question of possession of recently stolen property, although there was no attempt to identify the property as that which was stolen.

**Same:** INSTRUCTION: REASONABLE DOUBT. The giving of the instruc-
3 tion in this case on the question of reasonable doubt without instructing on the subject of the circumstantial evidence, upon which the state relied, was not ground for reversal, where there was no request for a modification or amplification of the instruction given.

**Same:** INSTRUCTION: FLIGHT. Where, as in this case, the evidence
4 tended to connect defendant with the larceny and he left the state and did not return until brought back under arrest, an instruction on the subject of flight was justified.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

TUESDAY, NOVEMBER 15, 1910.

THE defendant and one Roy Friel were jointly indicted upon a charge of larceny of domestic fowls in the night-time. He elected to have a separate trial, and was found guilty. From the judgment entered on the verdict, he appeals.—*Affirmed*.

*E. S. Schuetz,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the state.

WEAVER, J.—I.   The first and principal point made on behalf of appellant is that the evidence is insufficient to support the verdict.   That some person or persons stole

1. LARCENY: evidence.

a large number of chickens from the premises of the complaining witness, Snow, on the night of December 23, 1909, is shown without dispute. Appellant was familiar with Snow's premises, and presumably knew where his chickens roosted.   There is evidence tending to show that he and Friel were in that neighborhood on the night in question, where they could have committed the theft if so disposed; that late in the night they returned to the home of Friel, where a chicken supper was indulged in; and that on the following day the accused was peddling chickens in a mining camp in another part of the county.   The vehicle used by appellant and Friel on the night in question was borrowed or hired from another person.   On its return an examination of the box disclosed a bag or sack on the inside of which there were a few stray feathers.   There was no such article in the vehicle when the accused took it.   Appellant sought to prove an alibi, but the showing was neither strong nor convincing.   There was also some confusion in the testimony whether the person peddling the chickens, and identified by the witness as being the appellant, did or did not wear a mustache.   It should also be said that within a day or two after the alleged offense appellant left the state, and remained away until he was returned under arrest.   While the testimony relied upon to sustain the conviction was purely circumstantial, we can not say that it was insufficient to sustain the charge.   Crimes of that nature are not often established by direct and positive evidence, and the state is usually compelled to rely

upon collateral facts and circumstances to make its case. If these are of such character as to convince the jury beyond a reasonable doubt of the truth of the charge, no more is required to sustain the verdict. In our judgment, the evidence amply justifies the conclusion reached by the jury, and there was no error in denying the motion for a directed verdict of acquittal.

II. The court gave the jury the usual instruction as to evidence of possession of recently stolen property, and of this appellant complains, on the ground that there was no

2. SAME: recent possession: instruction.

evidence which called for or justified an instruction of that nature. What we have already said sufficiently disposes of this objection. It is true that no witness undertook to identify the chickens sold at the mining camp as being of those stolen from Snow; but we do not think this essential to sustain a conviction, for, if the circumstances disclosed on the trial were such that the inference of identity could properly be drawn, the state was entitled to go to the jury upon that question.

III. The court also instructed the jury upon the subject of reasonable doubt. Counsel conceded the correctness of the charge so given as far as it undertakes to state the

3. SAME: instruction: reasonable doubt.

law, but claims that it failed to add thereto suitable instruction as to conviction upon circumstantial evidence. The objection does not appear to us to be well taken, and in any event, as no modification or amplification of the instructions was asked by the appellant, there was no reversible error.

IV. Error is assigned upon an instruction given by the court to the effect that, if appellant fled from the state to avoid arrest for the crime charged, such circumstance

4. SAME: instruction: flight.

could be considered by the jury as tending to show guilt. The form of the instruction so given has been approved by this court, and under the record as made the court did not err in giving

it.   There was evidence from which the inference of flight could properly be drawn.   Appellant did leave the state within three days after the alleged offense, and did not return until arrested and brought back.   It may, of course, be true that his departure had no connection with the criminal charge, and he so swears; but the truth concerning his conduct in that respect was for the jury.

Other questions argued by counsel are controlled by the conclusions we have already announced.  We find no reversible error in the record, and the judgment appealed from is *affirmed.*