G-adsby, J.
'This is an action of contract in which the plaintiff seeks to recover moneys expended by her for the funeral of Kellie Emery, who died in Belmont on October 3,1944.
The plaintiff is the sister of the deceased and lived with her in Belmont.
The defendant is the only appointed Administrator of the estate of the deceased. He was the husband of the deceased but they had been living apart for thirty years. The deceased left no children.
The court filed the following memorandum of findings and rulings:
“The deceased died in Boston and her body was brought to her home in Belmont. The plaintiff promptly notified the defendant of the death of the deceased and the defendant went to the house in Belmont where he talked with the plaintiff. As a result of this talk, *83 in which the undertakers were discussed, both the plaintiff and the defendant agreed to employ one Joseph Keough, an undertaker of Cambridge', to care for the remains. 'The defendant telephoned Mr. Keough and requested him to come to Belmont to make arrangements for the funeral. Mr. Keough sent an assistant and later that night he talked with both the plaintiff and the defendant. As a result of such talk, the plaintiff and the defendant with a third party went the next day with the undertaker to select a casket, box and dress in which the deceased was to be buried.
“Both the plaintiff and the defendant joined in the selection of the casket, box and dress, and in all the other funeral arrangements with the undertaker, and both the plaintiff and the defendant were aware of all the expenses of the funeral.
“I find that the defendant at no time objected to any of the arrangements made or to the cost of the same.
“If material, I find that the estate of the deceased consisted of a parcel of real estate valued at approximately $2700.00.
“I find that no inventory of the estate of the deceased has yet been filed in Middlesex Probate Court.
“I find that the undertaker made demand on both the plaintiff and the defendant for the payment of his bill, that the defendant refused to pay the bill and that the plaintiff under threat of a law suit paid this bill.
‘ ‘I find that the action of the plaintiff in paying this bill was not that of a volunteer.
“I find that the plaintiff and the defendant are the sole heirs-at-law and next of kin of the deceased.
“I find that the funeral expenses in this case were not unreasonable.
“In view of the above findings of fact, of the defendant’s requests for rulings, I deny Nos. 1, 2, 3, 4, 8, and 9, and I give Nos. 5, 6, and 7.
“I find for the plaintiff in the sum of $1122.53, with interest from the date of the writ.
Signed EDWARD A. COUNIHAN, JR., Special Justice.”
The defendant filed the following requests for rulings of law:
*84 “1. There is no evidence- which will warrant a finding for the plaintiff. 2. The action of the plaintiff in paying the funeral bills for Nellie- Emery was that of a volunteer. 3. The -defendant individually and as an administrator of the estate of Nellie Emery was ready, willing and able to pay for the funeral and burial expenses of the deceased Nellie Emery. 4. The estate is not liable for the funeral expenses of the deceased where the plaintiff furnished a funeral in accordance with her own wishes and desires in direct contravention to the express wishes of the husband. 5. The presumption that funeral expenses are incurred on the credit of estate of the deceased can -be overcome by the facts in the case. Breen vs. Burns, 200 Mass. 222. Rice vs. New York Central & Hudson Railway Company, 195 Mass. 507. 6. Funeral expenses for which an estate is liable can be- recovered only when the person who incurred the expenses is justified in acting. Constantinides vs. Walsh, 146 Mass. 261. 7. The law raises a rebuttable presumption on the part of the administrator to pay reasonable' funeral expenses. Sweeney vs. Muldoon, 159 Mass. 304. 8. The fact that the plaintiff insisted on having a funeral in accordance with her own desires and taste and -contrary to the wishes and desires of the husband and administrator rebuts the presumption of liability of the estate to pay the reasonable funeral -expenses for the deceased. 9. The funeral expenses in the case at bar were greater than those ordinarily spent for persons in like circumstances as the deceased.”
The court denied requests Nos. 1, 2, 3, 4, 8 and 9.
The defendant also filed a motion for a new trial on the grounds that the finding was against the law, against the evidence and on the ground of newly discovered evidence. This motion was denied.
The- requests for rulings filed by the defendant become immaterial and inconsistent in view of the facts- specifically found by the trial judge. The court has correctly acted in its dual capacity and submitted the crucial question of fact to itself as the jury.
*85 The dual position of a trial judge has been so often described by this court that repetition is unnecessary. Hetherington & Son vs. Firth Co., 210 Mass. 8 at 18. Bresnick vs. Heath, 292 Mass. 293 at 298. Povey vs. Colonial Beacon Oil Co., 294 Mass. 86 at 93. Strong vs. Haverhill Electric Co., 299 Mass. 455 at 456.
The law is well settled that funeral expenses are a charge against the estate of a deceased person.' G. L. (Ter. Ed.) Chapter 198, Section 1.
Furthermore, funeral expenses may be recovered as a preferred claim against the administrator regardless- of whether or not he has authorized them or promised to pay them. Hayes vs. Gill, 226 Mass. 388. Morrissey vs. Mulhern, 168 Mass. 412. Constantinides vs. Walsh, 146 Mass. 281.
There remains only the question of the denial by the- trial judge of the defendant’s- motion for a new trial. No requests for rulings were filed by the defendant relative to said motion.
As was said in Skudris vs. William, 287 Mass. 568 at 570, “It is familiar law that, when no ruling of law is requested or made touching a motion for a new trial, its disposition rests in sound judicial discretion. No question of law can be raised on such a motion which could have been raised at the trial on the merits, unless the trial judge sees fit to entertain it. ’ ’
It is settled that a motion for a new trial on the ground of newly discovered evidence is -addressed to the sound discretion of a trial judge. Commonwealth vs. Sheppard, 313 Mass. 590 at 611. Matter of Sleeper, 251 Mass. 6 at 22. See Commonwealth vs. Dascalakis, 246 Mass. 12 at 32.
As was said in Berggren vs. Mutual Life Insurance Co., 231 Mass. 173 at 176, “It is only in an extraordinary case revealing an abuse of judicial power, or an excess of juris *86 diction or 'similar error, that the action of the trial court upon a motion for a new trial can be reversed. ” . . .at 177, “'The mischief naturally flowing from retrials based upon a discovery of alleged new evidence leads to the establishment of a somewhat stringent practice against granting such motions unless upon a survey of the whole case a miscarriage of justice is likely to result if a new trial is denied. This is the fundamental test, in aid of which most if not all the rules upon the matter from time to time alluded to have been formulated. ’ ’
Therefore, there being no prejudicial error in the conduct of the trial judge, the report is ordered dismissed.