## WATERS v. REGISTER.

1. ONE WHO PROVIDES THE REASONABLE FUNERAL EXPENSES of a decedent at the instance of foster children is entitled to be paid by the personal representative as on a *quasi* contract.
2. EVIDENCE—PRICE.—Upon the issue of the value of a casket furnished by an undertaker evidence as to the value of like caskets at wholesale is not pertinent, but it should be confined to value at retail.

Before WATTS, J., Florence, November, 1905.    Affirmed.

Action by W. M. Waters against Amanda Register, administratrix, before magistrate E. W. Lloyd. From order of Circuit Court affirming magistrate judgment, defendant appeals.

*Mr. George Galletly,* for appellant, cites: *Demurrer should have been sustained:* 11 Ency., 1263.    *Evidence as to wholesale price of caskets should have been admitted:* 47 S. C., 40.

*Messrs. Willcox & Willcox* and *Henry E. Davis,* contra, cite: *Promise to pay is implied:* 73 S. C., 83; 97 Am. St. R., 324; 84 Am. St. R., 833; 17 Am. St. R., 384; 9 Am. Dec., 652; 33 L. R. A., 660. *Actual cost of casket is not proper test:* 51 S. C., 143.

February 15, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. On December the 3d, 1903, W. H. Adams, a resident of Florence, died intestate, and his dead body was taken in charge by two young men who had lived with him nearly all of their lives, thus occupying somewhat the relation of foster children. At the request of these young men, W. M. Waters, an undertaker in the city of Florence, furnished a coffin and other articles for the funeral of Mr. Adams. Sometime later, the defendant, Amanda Register, was appointed administratrix of W. H. Adams, and plaintiff presented to her, as such administratrix, a bill for $92.75, funeral expenses of her intestate. Payment was refused and this suit was brought. The defendant demurred to the complaint on the ground "that it does not state facts sufficient to constitute a cause of action, in that the alleged service and furnishings were not based on contract, and does not purport to have been made with the party who had the legal right to bind the estate, and it does not further appear that said services and furnishings and undertaking expenses alleged to have been furnished were reasonable and proper, with reference to the intestate's condition, station in life and financial condition." The magistrate overruled the demurrer. The defendant then offered in writing to allow judgment for $57.75 and costs to be entered against her, but this was refused. The defendant then answered, setting up the defense, "that the said alleged services, furnishings and burial expenses are extravagant and unreasonable with reference to the value of the said intestate's estate and his station and condition in life." The cause was heard before magistrate E. W. Lloyd and a jury on the 27th of March, 1905,

and resulted in a verdict for the plaintiff for the full amount claimed. On appeal to the Circuit Court, the judgment of the magistrate was affirmed. The defendant now appeals to this Court.

It is too clear for discussion, that one who provides the reasonable funeral expenses of a deceased person is entitled to recover them back from his estate as money justly due on a quasi contract, which the law implies and imputes to the personal representative, on the ground that the administrator or executor is bound under the law to provide a decent funeral from the assets of the estate. The demurrer was, therefore, properly overruled. *Patterson* v. *Patterson* (N. Y.), 17 Am. Rep., 334; *Fogg* v. *Holbrook,* 33 L. R. A., 660, and note. The point was not discussed, but it was necessarily involved and the liability was recognized in *Solvo* v. *Schmidt,* 2 Speer, 512.

We think there was no reversible error in excluding evidence as to the wholesale cost of caskets like that the plaintiff furnished. Such evidence would bear only indirectly on the question of the retail value, and to make it enlightening, it would have been necessary to enter into the difficult and intricate inquiry as to what would be a reasonable difference between the wholesale and retail price of the caskets in the special business of an undertaker. The inquiry should have been directed to the market value of such caskets at retail.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.