15355

*IN RE:* JOHNSON'S ESTATE
CLAIMS OF JOHNSON *ET AL.*
JOHNSON v. CRUTCHFIELD

(18 S. E. (2d), 450)

*Mr. E. W. Johnson*, of Spartanburg, for appellant, ▮

*Messrs. Whiteside* and *Taylor,* of Spartanburg for respondent,

January 16, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

Mrs. Alice Crutchfield Johnson died intestate and childless in 1936. There was no administration upon her estate at that time for lack of existing assets. Funeral expenses in the amount of $550.00 were paid by her husband, appellant here. Her brother, here respondent as administrator of her estate, purchased a cemetery lot upon which she was buried and her mother paid $125.00 for a monument at the grave, the latter despite appellant's offer to meet this expense, and he does not object to repayment of these disbursements.

The father of the deceased died in 1940 and a policy of insurance on his life became payable to his widow and children in such manner that a share in the proceeds accrued to the estate of Mrs. Johnson in approximately the sum of $2,900.00, whereupon her brother, the respondent, was appointed and qualified as administrator of the estate and as such collected the sum mentioned. He made claim individually against himself as administrator for reimbursement of certain sums paid by him during the years 1927-1930 for premiums upon the policy and for interest upon a policy loan. It seems that there were two policies and that the son, present

administrator and respondent, undertook alone to provide for the payment of the premiums, the insured having discontinued such payments. However, one policy was afterward surrendered. The evidence of the payments was incomplete but the lower Courts allowed the claim in a lesser amount than that sought, upon the equitable doctrine of contribution, and as a part of the approved claim allowed interest on the portion held chargeable against the estate of Mrs. Johnson. The appeal challenges the correctness of the inclusion of interest.

The only other question presented by the appeal arises out of the disallowance of the claim of the appellant for reimbursement for the amount paid by him, $550.00 as stated above, for the funeral expenses of his wife. The Probate Court held, and the Circuit Court on appeal affirmed, that the primary liability for such funeral expenses was upon the surviving husband of the deceased, not upon the estate of the latter, and that, therefore, the husband, the appellant, cannot recoup from the estate the sum paid by him on that account.

The questions thus presented will be decided in the order stated. It will be noted that there is no conflict involving the payment of ordinary creditors of the estate. The allowance or disallowance of the claims will otherwise affect only the amounts which will be received by the next of kin in the distribution of the funds of the estate. The record shows that there are no other creditors and the only claimants are as has been set forth.

As indicated, appellant makes no question of the liability of the estate for its proper proportion of the amount of insurance premiums advanced, which was stated in the decree of the Probate Court to be $246.24. Therein it was adjudged that "to this sum should be added interest at the legal rate from the time of payment to the present."

The decree of the Circuit Court upon this point is to the same effect, stating the amount and "with interest to the present time." However, the advances by the claimant for

the payment of premiums extended over several years, and the following occurs in respondent's brief: "Interest was allowed by the Court from the date the last premium was paid by Ralph L. Crutchfield, at which time certainly the amount of his claim against her, that is her indebtedness to him because of these payments, was not unliquidated. At the time the final premium was paid by the claimant, the amount or sum was susceptible of ascertainment * * *." We take it, therefore, that in the final calculation of the amount of the interest such will be included, as stated in the foregoing quotation, only from the date of the last premium payment by claimant and, incidentally, at the legal rate and not compounded.

On that premise, surely, it cannot be said that the Courts below erred. Several South Carolina cases are cited in the footnote to the following which is quoted from 33 C. J., 201, 202: "* * * The general rule is that one who lends money to, or makes advances for, the benefit of another, is entitled to interest upon the amount so lent or advanced, although nothing is said about interest at the time of the transaction." Although the facts of that case are not similar, the following generalization in the opinion in *Leaphart v. National Surety Company,* 167 S. C., 327, 166 S. E., 415, 421, is applicable: "* * * It is the accepted law that a liquidated claim draws interest, and, furthermore, it is not necessary that the claim be reduced to judgment in order to be subject to interest, but, as stated in the opinion in the case of *Ancrum v. Slone,* 2 Speers 594, interest is allowable if the sum is certain or capable of being reduced to a certainty, from the time when, either by the agreement of the parties or the construction of law, the payment was demandable.' "

In view of these considerations, we think there was no error in the allowance of interest, certainly as stated above, from the date of the last premium payment, and the exceptions thereabout are overruled. It should be added that appellant makes the point that interest was not

demanded by claimant, but we do not think this objection properly lies in view of the procedure below. There is no written claim of record and it was heard informally by the Court without pleadings and on verbal testimony on which the Probate Judge filed his formal order allowing interest, referred to above, and it was a matter of controversy before the Circuit Judge.

There remains the more difficult question of whether the Courts below were in error in disallowing the claim of appellant for reimbursement from the estate of his wife of the amount paid by him for her funeral expenses. The result was reached by the conclusion that the liability at common law of the husband for the burial expenses of his wife is not impinged by the modern constitutional and statutory provisions affecting the rights and property of married women. And *O'Hagan v. Fraternal Aid Union*, 144 S. C., 84, 141 S. E., 893, 57 A. L. R., 397, was cited to that general effect. However, in that case there was involved only the question of whether the surviving wife was obligated to pay from insurance accruing to her the funeral expenses of the husband in the absence of evidence of contract, express or implied. Undoubtedly, as there stated, a husband is liable at common law for the funeral expenses of his wife and what will be here said will not affect that liability except, under the circumstances here present, to make it secondary to the liability of the wife's separate estate.

As found in the Courts below, the question is novel in this jurisdiction and in the other States the Courts are sharply divided upon the problem. Little aid in its solution can be derived from the encyclopedias. The following is from 21 Am. Jur., 570: "The question whether a husband is entitled to reimbursement from his deceased wife's estate for the payment of her funeral expenses depends upon whether the liability is primarily his own or that of the estate. If the liability is primarily that of the husband, he is not entitled to be reimbursed. If, however, the estate is primarily liable, he is entitled to be reimbursed." (See also 27 A. J., 56).

Hardly less naïve is the following from 30 C. J., 924: "The weight of authority, nevertheless, under the married women's acts, holds that the estate of the wife who dies leaving separate property is primarily liable for her funeral expenses, and that the husband having paid the same may recover from such estate, although, where the funeral is ordered by and the credit given to the husband or a third person, the wife's executor, having sufficient assets belonging to the wife's separate estate to meet the expenses, is not liable to the undertaker."

In the annotation upon the subject in 31 A. L. R., beginning at page 1499, it is stated at page 1500 that, "while the general rule that the husband is liable is maintained in the greater number of jurisdictions, the weight of more modern authority seems to favor what is in this annotation termed the 'minority rule' that acts giving separate property rights to married women, construed in connection with a statute imposing generally on the estates of decedents the burden of paying funeral expenses, shifts the primary burden to the estate."

The annotation follows the report of the case of *Hall v. Stewart*, 135 Va., 384, 116 S. E., 469, 31 A. L. R., 1489, in which a bare majority of that highly respected Court held that a·husband was not entitled to recoupment from his deceased wife's estate of the amount paid by him for her funeral expenses, but the decision seems to have been rested largely upon the terms of the Virginia statutes and there was a strong minority opinion. There is a supplemental note following the report of the case of *Magrath v. Sheehan*, 1936, 296 Mass., 263, 5 N. E. (2d), 547, 108 A. L. R., 1223 (representative of the view opposed to that of the majority of the Virginia Court in their case just referred to), in 108 A. L. R., 1226, and numerous cases reflecting conflicting views are cited. It is noted that in the so-called minority are some Courts of very high repute. It is also noted that in some States the question is expressly dealt with by statute.

An interesting quotation from an opinion of Mr. Justice Holmes speaking then for the highest Court of Massachusetts is found in 31 A. L. R., 1508, 1509, applying statutes apparently of about the same effect as ours hereinafter adverted to. From it we quote, in part, as follows: " * * * we are of the opinion that the legislative intent was to impose on the estate of every deceased person a primary liability for the charges of the last sickness and funeral. If so, the obligation of either husband or wife therefor is secondary thereto in character, and, in event of payment by either, such charges may be established as claims against the estate of the deceased. This construction is not only reasonable, but is well calculated, in a case like this where both husband and wife are dead, and each has left an ample estate, to protect the property of one against the unseemly efforts of the heirs or devisees of the other to evade the satisfaction of the reasonable charges of the last sickness and funeral from the estate of the decedent under whom they take."

Turning to our own laws we find in the present State Constitution, 1895, Article 17, Section 9, the following: "The real and personal property of a woman held at the time of her marriage, or that which she may thereafter acquire, either by gift, grant, inheritance, devise or otherwise, shall be her separate property, and she shall have all the rights incident to the same to which an unmarried woman or a man is entitled. She shall have the power to contract and be contracted with in the same manner as if she were unmarried."

And of the conforming statutes the following, section numbers from the Code of 1932:

"§ 8574. A married woman shall have power to bequeath, devise, or convey her separate property in the same manner and to the same extent as if she were unmarried; and, dying intestate, her property shall descend in the same manner as the law provides for the descent of the property of husbands; and all deeds, mortgages and legal instruments of whatever kind shall be executed by her in the same manner, and have the same legal force and effect as if she were unmarried."

"§ 8575. A married woman shall have the right to purchase any species of property in her own name, and to take proper legal conveyances therefor, and to bind herself by contract, in the same manner and to the same extent as though she were unmarried, which contracts shall be legal and obligatory, and may be enforced at law or in equity by or against such married woman in her own name, apart from her husband: Provided, that the husband shall not be liable for the debts of the wife contracted prior to or after their marriage, except for necessary support and that of their minor children residing with her."

It is worthwhile noting that prior to this constitutional and statutory "emancipation" of married women, because of the theory of the law of the unity of husband and wife he was entitled to all of her property except such as was conveyed in equity to her separate use and was on the other hand liable for all of her debts whether contracted before or after marriage. See the case of *Clawson v. Hutchinson,* 11 S. C., 323, in which it was pointed out that the proviso in the Code section last above quoted was enacted to relieve the husband of his former liability in view of the separate rights of the wife with respect to her property, and in which it was lucidly explained in the opinion, as follows: "In the present case the equity of the statute is the key of its intent, because the plain object in view was to equalize the rights and liabilities of the husband, which equality had been disturbed by the constitutional provision."

We think that the cited constitutional provision and the portion of Code Section 8574, which we here quote again, are controlling: " * * * and, dying intestate, her property shall descend in the same manner as the law provides for the descent of the property of husbands." The property of husbands, and all persons for that matter, dying intestate, is subject to the statutory provisions governing estates, particularly Section 8995 of the Code of 1932, which provides that "the assets which come into the hands of an executor or administrator, after proper allow-

ance to the executor or administrator, in a due course of administration, shall be applied to the payment of his debts in the following order, that is to say: (1) Funeral and other expenses of the last sickness," etc.

It was held by this Court in *Waters v. Register,* 76 S. C., 132, 56 S. E., 849, 52 L. R. A. (N. S.), 1153, with the usual clarity of Mr. Justice Woods, who wrote the opinion, as follows: "It is too clear for discussion that one who provides the reasonable funeral expenses of a deceased person is entitled to recover them back from his estate as money justly due on a *quasi* contract, which the law implies and imputes to the personal representative, on the ground that the administrator or executor is bound under the law to provide a decent funeral from the assets of the estate."

It seems to us that the conclusion indicated is a logical extension of the principles which dictated the decision of *Glenn v. Gerald,* 64 S. C., 236, 42 S. E., 155. It is true that there claims for medical attention were allowed against the estate of the married woman in part at least upon the ground that she had sent for the physicians and thereby contracted for the payment of their bills, but also allowed against the estate were other expenses of last illness and there is no mention of evidence of her contract obligation therefor. The only doubt discussed was whether these services might not have been rendered as a gratuity, and in fact there is mention of circumstances sufficient to raise an implied obligation on the part of the husband in addition to his common law liability for necessaries. The Court cited the section of the Constitution quoted above and expressly said that the husband's ability or inability to pay the expenses from his own means had nothing to do with the liability of the wife's estate.

We thus conclude that the estate of the wife is primarily liable for her proper funeral expenses and there is no question here as to the amount or the nature of them, so we think and hold that the husband is entitled to reimbursement as claimed by him; to that extent

the judgment below is modified and the case remanded for further proceedings consistent herewith.

Modified.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER concur.