16072

HAMBRIGHT *et al. v.* TERRY *et al.*

(47 S. E. (2d) 624)

*Messrs. Blatt & Failes,* of Barnwell, and *Thos. M. Boulware,* of Allendale, for Appellant,

*Messrs. Jas. Julien Bush* and *Brown & Jefferies,* of Barnwell, for Respondents,

April 30, 1948.

PER CURIAM.

This action was instituted for partition of real estate in South Carolina, the property of Mrs. Emilee B. (Mrs. J. M.) Terry, deceased, by Bernice T. Hambright, Eleanor T. McGinnis, and Betty Arline Terry, by her guardian *ad litem*, as plaintiffs, against J. M. Terry (the appellant here) and Jack Terry, as defendants.

The appellant, J. M. Terry, was the husband of Mrs. Emilee B. Terry, and the others named above their children; and are the only heirs-at-law of the deceased.

In this partition action, the appellant set up an affirmative defense in his answer, alleging that no administrator of his wife's estate had been appointed, that she died seized of no other real property and possessed of personal property of insignificant value and insufficient to pay the expenses of her last illness and funeral, and that she left no other debts than the expenses of her last illness and funeral. That after the application of hospital insurance, the balance of her hospital expenses had been paid by him amounting to $587.35, that the services of her physician in her last illness amounted to $400, $200 of which had been paid by him, leaving a balance due the physician of $200, and that

her funeral expenses amounted to $958.83, of which he has paid the sum of $500, leaving a balance unpaid of $458.83. He further alleged that there should be no partition of the premises until provision had been made for the payment of the balance due on the said expenses of last illness and funeral, and reimbursement to him of the amount paid by him thereon. He further alleges that he is a creditor of the said estate for the amounts paid by him and files this answer on behalf of himself, not only as an heir-at-law of his wife, but as a creditor of her estate and all other creditors of her estate; and he further alleges that this court is the first court acquiring jurisdiction of the administration of the estate of his wife, and that the assets of said estate should be marshalled, its creditors called in and required to prove their demands, that the real property of said estate should be sold in aid of personalty for the payments of debts, and the remainder distributed among the parties according to their legal rights. The Plaintiffs filed a reply alleging that Mrs. Terry was a resident and citizen of North Carolina at the time of her death, and that under the laws of North Carolina these claims for the expenses of her last illness and funeral are the debts and obligations of the Defendant J. M. Terry, and are not chargeable against her estate.

It is now conceded by the appellant that he and his wife, at the time of her death, were residents and citizens of the State of North Carolina, and that the expenses of her last illness and all of the funeral expenses were contracted for by the appellant; and further, that under the laws of North Carolina, a husband is primarily liable for such expenses.

This appeal raises but one issue, to wit: Is a husband who is primarily liable for these debts in another State entitled to reimbursement under the law of the State of South Carolina out of the property of the deceased wife in this State, or is her said property liable for any balance due thereon, enforceable at the instance of the husband?

The general rule is well stated in 21 Am. Jur., Executors and Administrators, Section 331, as follows:

"The question whether a husband is entitled to reimbursement from his deceased wife's estate for the payment of her funeral expenses depends upon whether the liability is primarily his own or that of the estate. If the liability is primarily that of the husband, he is not entitled to be reimbursed. If, however, the estate is primarily liable, he is entitled to be reimbursed * * *."

These debts were created in the State of North Carolina and appellant and deceased were domiciled in that State. If we apply the principle that the *lex loci contractus* is controlling as to the validity and construction of such a contract, it is clear that under the laws of North Carolina where this contract was made the liability of appellant was primary; and if he had endeavored to assert a claim for reimbursement on account of these debts in the North Carolina Courts, he would unquestionably have been held not to be entitled to recover. If we consider the contracting of these debts as an incident of the status of husband and wife and hold that the liability as between them should be determined according to the law of their domicile, the result is the same since the couple resided in North Carolina and appellant was a resident there at the time the debts were created. It is, therefore, unnecessary to determine whether we should apply the general rule that the validity and construction of a contract are determined by the law of. the place where it is made or whether the liability should be determined according to the law of the domicile. In either case, the law of North Carolina would govern and deny reimbursement to appellant.

If the appellant and the deceased had been domiciled in this State, even though the debts here involved had been contracted in North Carolina while the wife was temporarily in that State, under the case of *Johnson v. Crutchfield,* 198 S. C. 526, 18 S. E. (2d) 450, the wife's estate would have

been primarily liable therefor, and the husband (appellant) would have been entitled to the reimbursement as claimed by him. But, as aforesaid, under the facts here and the applicable law, the husband (appellant) was primarily liable for these debts.

For the reasons stated, the judgment appealed from is affirmed.

BAKER, C. J., and FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.